Smith v. Fitzgerald.

NUISANCE.—The statute provides for an action in favor of any person whose property is injuriously affected, or whose personal enjoyment is lessened by a nuisance, and, where a proper case is made, the nuisance may be enjoined or abated, and damages recovered.

INJUNCTIONS.—Restraining orders and injunctions may be granted, under our statute, whenever it appears by the complaint that the plaintiff is entitled to the relief demanded, and that relief, or any part thereof, consists in restraining the commission or continuance of some act, the commission or continuance of which, during the litigation, would produce great injury to the plaintiff.

APPEAL from the *Marion* Circuit Court.

GREGORY, J.—*Fitzgerald* filed his complaint in the *Marion* Circuit Court against *Smith*, complaining of a nuisance alleged to be maintained by the defendant. The nuisance is described as disagreeable odors along south *Delaware* street, in the city of *Indianapolis*, caused by a flow of impure water from the brewery of the defendant, situated on *Wyoming* street, in the same city. The plaintiff alleges that he has a residence on south *Delaware* street; that this impure water flows in front of his residence, and impairs the enjoyment of his property; that on one occasion, the defendant was prosecuted, criminally, before the mayor of the city for the same nuisance, that he pleaded guilty, and was fined one dollar; that at the request of the plaintiff, he had promised to discontinue the nuisance.

The plaintiff below moved for an injunction, and the court, upon the hearing, granted it. *Smith* appealed.

The order of injunction is as follows: "It is, therefore, ordered that the defendant, and all persons claiming under him, and acting by his authority, be and they are hereby restrained and forbidden from casting, pouring or flowing into the gutters, or other parts of *Wyoming* street named in the complaint herein, the rinsings or other cleansings of vessels which have contained beer, or any of the

substances from which beer has been made, or to flow or cause to run therein any of the washings of the floors of his said brewery. This order to be in force until the second day of the next term of the *Marion* Circuit Court, or until further order be taken in the premises."

This does not restrain the appellant from flowing the pure water used in his brewery, nor in any wise interfere in the proper pursuit of his business, but only restrains him from the abuses complained of.

The statute defines a nuisance to be "whatever is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere with the comfortable enjoyment of life or property." 2 G. & H., § 628, p. 288. We have carefully looked through the affidavits, and think that the case is fully made out, under the allegations in the complaint, and the requirements of the law.

It is claimed that the appellee does not make a case for relief, in view of the rule in equity, that a court of chancery will not interfere to prevent or remove a private nuisance, unless it has been erected to the annoyance of the right of another, long previously enjoyed; that it must be a case of strong and imperious necessity, or the right previously established at law, before the party is entitled to an injunction.

The statute provides, in cases like the one in judgment, for an action in favor of any person whose property is injuriously affected, or whose personal enjoyment is lessened by the nuisance, and, when a proper case is made, the nuisance may be enjoined or abated, and damages recovered. 2 G. & H., §§ 629, 630, p. 289.

The statute provides that restraining orders and injunctions may be granted, where it appears by the complaint that the plaintiff is entitled to the relief demanded, and that relief, or any part thereof, consists in restraining the commission or continuance of some act, the commission or

continuance of which, during the litigation, would produce great injury to the plaintiff.   2 G. & H., § 137, p. 132.

We think that the appellee has made a case within this statutory rule.   The injunction does not deprive the appellant of the proper use of his brewery, nor interfere with his business, and is, therefore, not within the rule in equity cited above.

The order of the court below is affirmed, with costs, and the cause remanded to said court for further proceedings.

*L. Barbour, J. D. Howland* and *J. T. Jackson,* for appellant.