THE BALTIMORE, PITTSBURGH AND CHICAGO R. W. CO. *v.* PIXLEY ET UX.

PRACTICE.—*Motion to Strike out Part of Pleading.*—*Supreme Court.*—Error in overruling a motion to strike out part of a pleading is unavailable on appeal to the Supreme Court.

RAILROAD.—*Carrying Passenger Past Station.*—*Evidence.*—*Husband and Wife.*— In an action by a married woman and her husband, against a railroad company, to recover damages for putting her off at a wrong and improper place, evidence that she was so put off at the request of her husband, made without her knowledge, is inadmissible, she perhaps not being bound thereby.

SAME.—*Excessive Damages.*—*Supreme Court.*—Where, in such case, damages in favor of the plaintiff are assessed by a jury, the Supreme Court, on appeal, will not disturb the verdict of the jury, merely because such damages seem excessive.

From the DeKalb Circuit Court.

*S. I. Anthony* and *Carpenter & Cook*, for appellant

*W. L. Penfield* and *D. D. Moody*, for appellees.

BIDDLE, C. J.—Complaint by the appellees, as passengers, against the appellant, as a passenger carrier, for undertaking to carry them from Fostoria, in the State of Ohio, to Auburn Junction, in the State of Indiana, and failing to perform its duty, by putting them off at a wrong and improper place.

Motions were made by appellant to strike out certain parts of the complaint, and were overruled. A demurrer to the complaint, for the alleged want of facts to constitute a cause of action, was overruled; to all of which rulings the appellant excepted.

Answer, general denial, and a special paragraph upon which no question is raised.

Jury trial; verdict for appellees, one thousand dollars.

The usual motions, rulings and exceptions were had, necessary to present the questions to this court, and an appeal taken.

We have so frequently decided, that overruling a motion to strike out a part of a pleading is not an available error in this court, and the reasons for the decision are so plain, that it is matter of surprise to us, that such questions are still continually brought here and urged upon our consideration.

We can discover no defect in the sufficiency of the complaint, and no defect is pointed out by the appellant. All the facts necessary to a recovery are stated, and the averments are full. The demurrer to it was properly overruled.

It is claimed, that the evidence does not support the verdict. It shows clearly that the appellees were put off of the train at an inconvenient place, as much as three-fourths of a mile from the station; but the conductor testifies that they were so put off at the request of the ap-

pellee Wilson J. Pixley. His statements, however, are contradicted by the testimony of Lilian E. Pixley, the other appellee; and, as the meritorious cause of action was in Lilian, perhaps she was not bound by what her husband said without her authority or knowledge; besides, she, in her testimony, especially denies the fact of any such request, authority or knowledge. There was testimony in the case tending to prove every material fact alleged in the complaint. There is no missing link in the evidence. The jury examined the strength of the chain, and have pronounced it sufficient; the court below approved their verdict, and there is nothing in the case which will authorize us to disturb the decision.

Counsel for appellant insist, that the damages assessed are excessive, that the wrong complained of was at most but a mistake, and therefore that the appellant should not be visited by a severe penalty for a mere error.

There is much plausibility in this view, and it is not without force; but the appellants, whether by mistake or carelessness, were put off of the train, with two children and their baggage, in the middle of a cold December night, three-fourths of a mile from the station, which they had much difficulty in finding; and, while the damages do seem to us excessive, the jury have settled the question, and we can not disturb it.

The judgment is affirmed, at the costs of the appellants.

Opinion filed at November term, 1877.

Petition for a rehearing overruled at May term, 1878.