GALVIN ET UX. *v.* THE STATE, EX REL. HEDGES.

PRACTICE.—*Motion to Strike out Parts of Complaint.*—*How Error Rendered Harmless.*—*Evidence.*—Error in overruling a motion to strike out parts of a complaint may be rendered harmless by objecting to the admission of evidence sustaining the improper allegations.

SAME.—*Motion for New Trial.*—A motion for a new trial on the ground of the admission of incompetent or illegal evidence should clearly designate such evidence.

From the Boone Circuit Court.

*C. S. Wesner, C. C. Galvin* and *S. E. Perkins, Jr.,* for appellants.

PERKINS, J.—This was a suit by the State, on the relation of the auditor of Boone County, Indiana, commenced on the 26th day of July, 1875, to foreclose a mortgage on certain real estate, executed by Elisha Wall and wife, in 1853, to the State of Indiana, to secure a loan from the school fund apportioned to Boone county, Indiana.

A motion to strike out parts of the complaint was overruled, and exceptions entered.

A demurrer to the complaint, for want of facts, was overruled, and exception entered.

Answer in three paragraphs:

1.   General denial;

2.   Statute of limitations; and,

3.   Payment.

Reply to the second and third paragraphs of answer, by the general denial.

Galvin *et ux.* v. The State, *ex rel.* Hedges.

Cause submitted to the court for trial; finding and judgment for the plaintiff.

A motion for a new trial, for the following causes, was overruled, viz.:

" 1.   The finding of the court is contrary to law.

" 2.   The finding of the court is contrary to the evidence;

" 3.   The finding of the court is not sustained by competent evidence; and,

" 4.   Error of the court in admitting, over defendants' objections, incompetent and illegal evidence."

The errors assigned in this case are:

1.   Overruling the motion to strike out parts of the complaint;

2.   Overruling the demurrer to the complaint; and,

3.   Overruling the motion for a new trial.

We consider the errors assigned:

1.   The overruling of the motion to strike out parts of the complaint, if erroneous, was a harmless error.   Injury could have been prevented, by objections to the admission of improper evidence on the trial.   *The City of Crawfordsville* v. *Brundage*, 57 Ind. 262; *Brinkmeyer* v. *Helbling*, 57 Ind. 435.

2.   It was not error to overrule the demurrer to the complaint.   It was sufficient.

3.   The court did not err in overruling the motion for a new trial for the causes, assigned in the motion, which are set out above.

The finding of the court was not contrary to law; it was not contrary to the evidence; it was sustained by competent evidence.   The incompetent, illegal evidence, alleged to have been admitted, is not pointed out.

The judgment is affirmed, with costs.