Rout *v.* Woods.

<hr>

## Rout *v.* Woods.

SUPREME COURT.—*Record.—Ruling on Demurrer.*—No question can be presented to the Supreme Court, as to the correctness of the ruling on a demurrer, when the demurrer is not in the record.

PRACTICE.—*Pleading.—Demurrer.*—A demurrer directed generally to a pleading consisting of several paragraphs should be overruled, if any of them be sufficient.

SAME.—*Motion to Strike out Surplusage.—Harmless Ruling.*—The overruling of a motion to strike mere surplusage out of a pleading is harmless.

SUPREME. COURT.—*Record.—Evidence.—Excessive Damages.*—Where all the evidence is not in the record, on appeal to the Supreme Court, no question as to excessive damages can be considered.

SAME.—*Brief.—Rule* 19.—A party complaining, in the Supreme Court, of

Rout v. Woods.

alleged error in the admission or rejection of evidence must, under Rule 19, refer to the page and line of the record where the matter complained of is set forth.

PRACTICE.—*Striking out Additional Pleading.*—*New Parties.*—*Set-Off.*—*Discretion of Court.*—After the issues in a cause had been settled, a change of venue taken and perfected, and several continuances had, it was within the discretion of the court to strike out an additional paragraph of answer, then filed with leave, making a codefendant in order that they might plead, as a set-off against the plaintiff, a debt due from him to them.

CONTRACT TO BID IN LAND AT SHERIFF'S SALE FOR DEBTOR.—*Breach.*—*Conversion.*—*Verdict.*—*Special Finding.*—A complaint alleged that theretofore, when the plaintiff's land was about to be sold on an execution, it was agreed between the plaintiff and defendant, that the latter, as a loan to the former, should bid in the land at the sheriff's sale and hold the same for the plaintiff until a sale thereof could be effected, from the proceeds of which the defendant was to reimburse himself and account to the plaintiff for the residue ; that the defendant, still acknowledging the contract aforesaid, took a sheriff's deed for the land ; that the plaintiff still retained possession, and, he having found a purchaser if both the defendant and plaintiff and the latter's wife would join in the deed, sale and conveyance were made accordingly, for a sum in cash and notes exceeding that due the defendant, who again, as an inducement to the plaintiff and his wife to convey, promised to account as agreed ; and that the defendant had converted the whole of the proceeds to his own use.

The jury, with their general verdict for the plaintiff, found specially that the defendant had received, in cash, less than the amount necessary to reimburse himself ; that the defendant had made a contract in writing, with third persons, to buy said land at said sale, for the plaintiff ; and that he had also made the parol agreement alleged in the complaint.

*Held,* that the special finding does not contradict the general verdict, and that the defendant is liable.

From the Jay Circuit Court.

*J. W. Headington* and *J. J. M. LaFollette,* for appellant.
*D. Studabaker* and *J. P. Quinn,* for appellee.

WORDEN, J.—This was an action by the appellee, against the appellant. It was commenced in the Adams Circuit Court, but was transferred, on change of venue, to Jay.

There were two paragraphs in the complaint. The first alleged, in substance, that certain persons named had obtained judgments against the plaintiff, Woods, in the

Adams Circuit Court, on which executions were issued and placed in the hands of the sheriff on March 21st, 1874; that the plaintiff was then the owner of a certain tract of land in Adams county, which was described, of the value of three thousand dollars; that in July, 1874, the sheriff levied the executions upon the land mentioned, and advertised the same to be sold on the 8th of August, 1874; that the plaintiff applied to the defendant for a loan of money, with which to pay the executions; that the defendant agreed to lend the plaintiff the money, if the latter would allow the former to bid off the land at sheriff's sale, and hold the certificate of purchase as security for the repayment of the loan with the bank rate of interest, which the plaintiff agreed to do; that the plaintiff and defendant were to hold the land for sale, and when thus sold the defendant was to have, of the proceeds of the sale, the amount thus advanced and interest, and the plaintiff the residue; that, pursuant to the agreement, the defendant bid off the land at the sheriff's sale, on the 8th of August, 1874, for the sum of nine hundred and fifty dollars, the amount of the executions, and paid the same to the sheriff and received his certificate of purchase; that the plaintiff continued in the possession of the property and made efforts, from time to time, to sell the same, and in the meantime the year for redemption expired and the defendant took the sheriff's deed for the property and surrendered the certificate, after which he admitted the original contract and promised to carry the same into effect; that the plaintiff still continued his efforts to find a purchaser, and finally ascertained from one Gideon Longenberger, that he was willing to purchase the property at the sum of two thousand eight hundred dollars, which price the plaintiff was willing to take; that the plaintiff sent Longenberger to the defendant, with the request that he make to Longenberger a deed for the premises, the

latter paying to the defendant the amount advanced and the interest, and agreeing to make a deed relinquishing to Longenberger his interest in the property upon receiving the residue of the purchase-money; that Longenberger went to the defendant, who claimed that he could make a conveyance of the land, and claimed all the purchase-money, whereupon Longenberger informed the plaintiff of these facts, and afterward told the defendant that he would not buy the land without a deed from the plaintiff and the defendant; and the defendant, finding that he could not sell the land to Longenberger without having a deed from the plaintiff, signed also by his wife, in which she should relinquish her inchoate right in the land, sought the plaintiff and offered to carry out his original contract and agreed that if the plaintiff and his wife would execute a quitclaim deed for the property to the defendant, he, the plaintiff, should have all the purchase-money to be received from Longenberger, except the amount thus advanced by the defendant, and the interest thereon.

This proposition the plaintiff accepted, and he and his wife made the deed accordingly, and at the same time the defendant made a conveyance of the property to Longenberger at the price of $2,800, which sum was paid by Longenberger to the defendant in money, notes and mortgages; that, when the deeds were made, it was late in the day, and the defendant claimed that he had not time just then to compute the amount due him, but said he would do so in a short time, and in this way put the plaintiff off until the next day, when the plaintiff requested him to account to him, the plaintiff, for what was due him; whereupon the defendant denied that the plaintiff had any interest in the proceeds of the sale, and refused to account to the plaintiff for any part thereof, and converted the same to his own use. Wherefore, etc.

The second paragraph was the common count for money had and received, etc.

The record shows that a demurrer was filed to the complaint and overruled; but the demurrer itself is not in the record, and we have no means of knowing whether it was filed for the want of sufficient facts, or otherwise.  If, for the want of sufficient facts, it was properly overruled, inasmuch as it appears to have been addressed to the whole complaint, while the second paragraph was unquestionably good.  We do not mean to intimate that the first did not state facts sufficient.  The question is not raised in any legitimate manner in the record.

Issues of fact were formed, and the cause was tried by a jury, resulting in a general verdict for the plaintiff, with answers to interrogatories, and judgment on the verdict for the plaintiff.

The following errors are assigned:

"1st.  The court erred in overruling the demurrer to the complaint;

"2d.  The court erred in overruling defendant's motion to strike out part of the first paragraph of the complaint;

"3d.  The court erred in sustaining the plaintiff's motion to strike out the additional (9th) paragraph of answer;

"4th.  The court erred in overruling defendant's motion for judgment in his favor on the special verdicts;

"5th.  The court erred in overruling the defendant's motion for a new trial."

We will consider these assignments in their order.  What we have already said disposes of the first.

The matter embraced in the motion to strike out, if not material, was but surplusage, and no error was committed in refusing to strike it out.  The authorities upon this point are decisive of it.  This disposes of the second assignment.

We come to the third.  After the issues had been made up and the venue had been changed, and after the cause

had been continued once or twice in the Jay Circuit Court, the defendant asked and obtained leave to file an additional paragraph of answer; whereupon the defendant filed the additional paragraph, which sought to make new parties defendants, in order that the defendant and the new parties might set off a joint claim against the plaintiff. On motion of the plaintiff, this paragraph was struck out. This ruling, it appears to us, under the circumstances, was manifestly right. At all events, there was no abuse of discretion in striking it out, filed at that stage of the proceedings.

In order to the development of the question raised by the fourth assignment, we set out the several answers of the jury to interrogatories which are claimed to have been inconsistent with the general verdict:

"6. How much do you find that the defendant, Rout, has received in cash on account of the sale of said land to Longenberger?

"Ans. Twelve hundred and forty dollars.

"14. If you find from the evidence that John W. Rout signed any written agreement to buy the plaintiff's land at sheriff's sale, state the contents and terms of such written agreement so signed.

"Ans. He did, with Mackley and Gillison; John W. Rout to bid off the land and hold it for Woods.

"15. If you find that any parol agreement was made between the defendant, Rout, and Woods, for the purchase of the land mentioned in the complaint, you will state what that parol agreement was.

"Ans. In the latter part of July, 1874, Rout agreed with Woods, that he would bid off the land, if Woods would see Mackley and Gillison and get up the two notes so they could consummate the mill trade."

It is claimed by counsel for the appellant, that Rout could not be compelled to pay Woods before he himself had realized the money on the sale of the land; and that,

Rout *v.* Woods.

as he had realized only the sum of twelve hundred and forty dollars, not enough to reimburse himself, he had a right to hold on to the notes and mortgage for that purpose, and, therefore, that the answer to the sixth interrogatory is inconsistent with the general verdict ; and that the answers to the fourteenth and fifteenth interrogatories show what the contract really was.

We, however, see nothing antagonistic between the general verdict and the answers to interrogatories. The general verdict finds, in effect, that after the matter had progressed to the point at which Longenberger refused to purchase the land, without a deed from the plaintiff, it was agreed between the plaintiff and the defendant, that, if the plaintiff and his wife would execute the deed mentioned, he was to have all of the proceeds of the sale to Longenberger except the amount necessary to reimburse the defendant, that the deed by the plaintiff and his wife was executed, and that the amount received by the defendant from Longenberger was two thousand eight hundred dollars in money, notes and mortgages. The answer to the sixth interrogatory shows the amount received in money.

It seems to us to be clear, that, under the contract thus found by the general verdict, if the defendant did not receive money enough to reimburse himself, he was bound to take the residue out of the notes and mortgages thus taken by him, and that the plaintiff was entitled to the residue of the amount received. We do not mean to decide that the defendant was entitled to retain all the money received by him in order to reimburse himself. That point is not involved. Possibly, the money, notes and mortgages should have been divided between the parties *pro rata* as near as might be. The residue of the purchase-money, consisting of the notes and mortgages, the defendant refused to account for, and converted to his own use. The action, it seems to us, was well brought, without waiting

for the defendant to collect enough of the notes to reimburse himself. His refusal to account, and the conversion of the notes and mortgages to his own use, gave the plaintiff an immediate right of action.

. The contracts found by the jury in answer to the fourteenth and fifteenth interrogatories are entirely consistent with that subsequently entered into, by virtue of which the plaintiff and his wife made the deed to Rout.

We come to the last assignment of error, and will notice such points as are made in the brief of counsel for the appellant in respect to the motion for a new trial. We may remark, at the beginning, that we can not regard the evidence as being in the record. The bill of exceptions shows that some documentary evidence was given which is not contained in the bill.

The verdict and judgment were for the sum of five hundred and seventy-eight dollars and seventy-two cents. This is claimed to be excessive, but we decline to consider the question presented, the evidence not being all in the record.

The appellant complains of the admission of certain evidence over his exception, and of the refusal of the court to strike out certain evidence, and refers us to certain pages . of the record where the matter may be found. Upon turning to the pages referred to we find the reasons assigned for a new trial, and not the part of the record in which the objectionable matter is supposed to be shown. We decline to search through the voluminous record in pursuit of the supposed errors. Rule 19 requires the appellant, in his brief, to "refer specifically to the record, by page and line, for any and every matter relied upon by him as error."

The appellant also objects that the court excluded certain evidence offered by him, and refers also to the page of the record containing the reasons assigned for a new trial, and not to any page showing the exclusion of the evidence.

One more point is made which relates to an instruction given by the court.

The instruction complained of need not be here set out. It is in harmony with what we have said in respect to the rights of the plaintiff, in considering the motion to render judgment for the defendant on the answers of the jury to interrogatories, and was not erroneous.

We find no error in the record.

The judgment below is affirmed, with costs.

Petition for a rehearing overruled.