## HORACE P. OWEN ET AL. V. HARRIET M. PHILLIPS ET AL.

1.   *Error in Refusing to Strike Out Pleadings.*—A cause will not be reversed for an erroneous ruling refusing to strike out surplusage.

2.   *Admission of Evidence.*—In order to make an objection available to the admission of evidence, objection must be made on the trial, and an exception taken ; and by proper assignment as a reason for a new trial, the ruling must be presented for review below.

3.   *Nature of Injunction.*—There is a marked distinction between suits for injunction and actions for damages.   In the latter case, the remedy is an ordinary one ; in the former, extraordinary.   And it is not every injury which will support an action for damages that will justify interference by injunction.

4. *Evidence in Injuction Suits.*—Under the code injunctions are civil suits, triable by jury; and the rules of evidence are the same which ordinarily govern in civil actions, and the degree of proof does not need to exclude all reasonable doubt.

5. *Injunction of a Nuisance—Facts Requisite.*—The character of the acts or facts relied upon as constituting a nuisance ought to be so weighty, so material, and so serious and important as to leave no doubt that they do create an actionable nuisance, or else an injunction should be denied.

6. *Diminution of Value of Property.* — Where this is the ground of application, the diminution in value must be essential and material and probably continuous ; and it must also be shown that an actionable wrong exists.

7. *Diminution of Enjoyment.*—The mere fact that the plaintiff is in some measure deprived of pure air, pure water, and quiet will not in itself justify an interference by injunction restraining a useful occupation. Yet, although property itself may sustain no physical damage, the right to *enjoy* property is an essential one and will be protected by injunction as against a wrongful and continuous act, even if damages could be recovered ; for equity will interfere to prevent a multiplicity of actions. The owner of property is entitled to enjoy the ordinary comforts of life, and that right is not to be measured merely by the notions of the people of a particular locality.

8. *Question of Locality in Nuisance.*—However, locality itself is sometimes an important element in determining a question of nuisance. In some localities, a business may be regarded as a nuisance which would not be so regarded in other situations.

9. *Management of a Business.*—Wherever a mill or factory may be located, and whatever its surroundings may be, property owners of the vicinity have a right to require that it shall be properly managed and conducted with ordinary care, and proper regard for the rights of others, and in such a way as that no unnecessary inconvenience or annoyance shall result.

10. *Enjoining Milling Business.*—Milling is one of the most useful pursuits, and cannot be held to be a nuisance *per se*. And the necessity which will authorize the granting of a writ of injunction to restrain the carrying on of a business lawful in itself, must be a strong and imperious one. Otherwise, all mills and manufactories might be stopped at the demand of those to whom they should cause annoyance, even though the injury complained of might be slight and trivial. There must. be the element of culpable wrong before a court will interfere by injunction. A lawful and needful business is not to be destroyed by injunction, unless the necessity for doing so is clear, strong and urgent. There must be a substantial and material injury, and a grave and serious wrong committed. Minor inconveniences must be remedied by actions for damages, and not by injunction.

Filed May 24, 1881.

Appeal from Posey Circuit Court.

Alvin P. Hovey & G. V. Menzies, for appellants, referred to 61 Ind. 22, as to refusal to strike out irrelevant matter ; and cited Wood, § 569 ; 53 Ill. 29 ; 51 N. Y. 574, as to defense in action of nuisance ; 5 Ind. 226, as to nuisance from necessary business ; 1

McCarter 335, as to polluting water; 5 Ind. 226 ; 36 Ind. 125 ; 53 Ind. 23 ; 24 Ind. 316 ; 60 Ind. 512 ; 9 Page ch. 575 ; 3 Barb. 157 ; 5 Ohio 323 ; 6 Ohio St. 183 ; 53 Ill. 29, as to what a nuisance is ; 1 Starkie Ev. 515 ; Wills Cir. Ev. 30, as to circumstantial and direct evidence ; 7 Ind. 490 ; 54 Ind. 468, as to specifying the point of objection to evidence ; Wood § 798, note 1 ; 5 Blackf. 113, as to estoppel from silence in regard to the erection of a nuisance.

W. P. Edson, C. Denley, D. B. Kumler, C. A DeBruler and E. R. Hatfield, for appellees, cited 2 Ired. Ch. 199 ; 6 Ind. 223, 228 ; 14 Conn. 505, as to caution in enjoining a business ; 61 Ind. 22 ; 64 Ind. 96, as to refusing to strike out pleadings ; Wood on Nuisance, § 1 ; Cooley on Torts, 505 ; 40 Ind. 278, 287, as to definition of nuisance under the Statute of Indiana ; 23 Ind. 483, 437 ; 25 Ind. 128 ; 24 Ind. 316, as to changes of remedy in regard ; 36 Ind. 120 ; 33 Ohio St. 271 ; 6 Ind. 300, 223 ; 23 Ind. 122 ; 24 Ind. 316 ; 38 Ind. 113 ; 2 Ind. 469 ; 10 Ind. 117, as to when injunction will be granted ; 12 Ohio St. 397 ; Brown's Leg. Max. 156, 251, 252 ; Wood on Nuisances, 473, 896 ; 16 Ind. 442, as to " damage without injury ; " 3 Kent. Com. 575 ; 23 Mich. 448 ; 31 Mich. 291 ; 17 Me. 292 ; 3 Johns. Ch. 282 ; 2 Dev. Ch. 38, as to enjoining business ; also, 14 Conn. 565 ; 2 Ired. Ch. 199 ; 2 Green. Ch. 422 ; Cooley on Torts, 598 ; 2 Story Eq. § § 924 to 926, as to same point ; 33 Ohio St. 271, as to injuries which may be compensated in damages ; Wood on Nuisances, § § 778, 473, 474, 482 ; 3 Stockt. (N. J.) 204 ; 2 Story Eq. § 925, as to diminution of value of property ; Addison on Torts, § 294 ; Wood, § § 362, 777, 796, 798 ; 10 Ind. 10 ; 19 Ind. 367 ; 27 Ind. 534 ; 52 Ind. 334 ; 3 Green Ch. 116 ; 4 Halst. Ch. 197 ; Cox's Cases in Eq. 102 ; 5 Johns. Ch. ; 3 Brews. 430, as to acquiescence of complainant in erection of a nuisance.

Opinion of the Court by Mr. Justice Elliott.

Issue was joined upon the complaint of appellants, wherein they charged appellees with maintaining a nuisance, and prayed for an injuction against its continuance and for an order of abatement. The trial was by jury and resulted in a verdict and judgment against the appellants.

The substantive allegations of the complaint may be thus summarized : Appellants are the owners of a house and lot in the town

3

of New Harmony, which they occupy as their dwelling house; that on the 26th day of April, 1878, Robinson, Thomas & Co. erected and put in operation a flouring mill in close proximity to the house of appellants; that the appellees subsequently became the owners of said mill; that on the 20th of December, 1878, the mill was burned; that the appellees threaten to rebuild; that the mill was a nuisance and that it cannot be operated without becoming a nuisance; that the smoke and cinders make the water of appellants' cisterns and wells foul and impure; that the noise, the smoke, dust, dirt and offensive odors, caused by the running of the mill essentially interfere with appellants' enjoyment of life and property.

A single question is presented upon the pleadings. The court below overruled appellants' motion to strike out part of the answer of the appellees, and of this ruling complaint is made. We cannot reverse for an erroneous ruling denying a motion to strike out mere surplusage. The rule of practice upon the subject is now too firmly settled to warrant us in disturbing it, even were we so inclined. *Baltimore, etc.,* v. *Pixley,* 61 Ind. 22; *Galvin* v. *State,* 64 Ind. 96; *City* v. *Brundage,* 57 Ind. 262; *Mires* v. *Alley,* 51 Ind. 507; *Rout* v. *Woods,* 67 Ind. 319. Appellants argue that as evidence was admitted of the irrelevant matters stated in the answer there should be a reversal. This question is not in the record. In order to make such an objection available the parties should, upon the trial, object to the introduction of the evidence, take the proper exception, and by proper assignment among their reasons for a new trial present the ruling for review. This was not done in this case.

The questions of difficulty are those which arise upon the ruling denying appellants a new trial, and grow out of the giving, modifying and refusing of instructions.

The seventh instruction asked by the appellants reads as follows:

"If the jury find from the evidence that the running and use of said mill lessens the personal enjoyment of plaintiffs by reason of the noise, smoke, dust, dirt and cinders, in their said dwelling, then the allegations in the plaintiff's complaint have been sustained."

The eighth instruction, as asked by appellants, was as follows:

"If the jury find from the evidence that the personal enjoyment of the plaintiffs, in their residence, has been and will be

lessened, by either the noise, smoke, dust, dirt, cinders, horses, mules or teams, caused by the running and use of said mill, then the allegations of the complaint have been sustained."

Both of these instructions were modified by the court, and, as the modifications are essentially the same, we consider them together. The modification of the seventh instruction consisted in writing after the word mill, the words "materially and essentially;" the modification of the eighth was made by inserting the words just quoted after the words "has been and will be." Appellants argue that the insertion of these words radically changed the definition of nuisance. We think otherwise. The relief sought is not the recovery of damages merely, but an injunction restraining appellees from rebuilding their mill, and from conducting their business. It is important to keep in mind the fact that the business of milling does not belong to that class which constitute nuisances *per se*. It is also important to sharply mark the distinction between suits for injunction and actions for damages. In the latter class the remedy is an ordinary one; in the former the extraordinary powers of the court are invoked. It is not every injury which will support an action for damages that will entitle the complainant to relief by injunction. *McCord* v. *Iker*, 12 Ohio, 385; *Rhodes* v. *Dunben*, 57 Pa. St. 274; *Goodall* v. *Crofton*, 33 Ohio St. 271; *Wallace* v. *Uricky*, 6 Ind. 300; *Laughlin* v. *Lamasco*, id. 223; *McQuarne* v. *Hildebrand*, 23 Ind. 122; *Smith* v. *Fitzgerald*, 24 Ind. 316. There are solid reasons supporting this rule A lawful business may be so conducted as to become a nuisance, but in order to warrant interference by injunction, the injury must be a material and essential one. Damages may be paid by the author of the nuisance, and the business not be stopped; but if injunction issues, then the right to conduct the business is at an end.

The necessity which will authorize the granting of the writ of injunction to restrain the carrying on of a business lawful in itself, must be a strong and imperious one. If it were otherwise, all mills and manufactories might be stopped at the demand of those to whom they caused annoyance, even though the injury complained of might be slight and trivial. The court did right in modifying the instructions.

Several instructions asked by the appellant upon the subject of the value of opinions given by witnesses were refused, and, we think, rightly.

The instruction numbered eight, asked by appellant, was properly refused, for the reason that it asserted that if the appellant's property was diminished in value by the running of appellee's mill, the verdict should be in favor of appellants. The instruction was erroneous, for at least two reasons:

*First.* Because it does not inform the jury that the diminution in value must be essential and material, and probably continuous.

*Second.* Because it does not inform the jury that although damage may have resulted, there cannot be a recovery unless the appellees were shown to have been guilty of some actionable wrong.

In all such cases as the present, legal injury and resulting damages must be shown. There must be a concurrence of wrong and damage.

The thirteenth instruction asked by the appellants is as follows:

" The right to enjoy pure air is an essential right. The right to enjoy pure water is an essential right. The right to be undisturbed by unusual noises, day or night, is an essential right, and he who deprives another of either essentially interferes with the enjoyment of life, and can be prevented from so doing by ' injunction under the statute laws of this State.' "

The court did not err in refusing to give this instruction. The mere fact that the appellees may have deprived the appellants of the rights enumerated in the instruction, did not entitle them to an injunction restraining the appellees from conducting one of the most useful of all the various pursuits of life. There must have been a wrongful deprivation of such rights. The instruction leaves entirely out of consideration the element of culpable wrong. Under the instruction, as framed, all interference, lawful or unlawful, with the property of another, would supply grounds for relief by injunction. The law recognizes no such doctrine.

The ninth instruction, given at the request of the appellees, is as follows: " The relief given by the remedy of injunction against a useful manufactory or business, which is properly managed, is

never granted in a case of doubt, but only upon a case clearly made out, where the injury or annoyance complained of is not only a violation of the plaintiff's rights, but such a violation as is or will be attended with substantial, serious or irreparable damage, or essentially interferes with their comfortable enjoyment of property."

This instruction was erroneous. The jury must have inferred from the language used that it was incumbent upon the appellants to prove their case beyond a reasonable doubt, for this is the plain and obvious meaning of the first branch of the instruction. In applications for injunctions the character of the facts relied upon as constituting the nuisance must be such as clearly and fully establish the existence of the nuisance, but the degree of evidence required to prove the existence and character of such facts is not that asserted in the instruction under examination. Actions for injunctions are, under our code, ordinary civil actions, and the rules of evidence are not different from those which ordinarily obtain in such actions. There is no authority for applying to actions for injunctions a rule of evidence which, with extremely rare exceptions, applies only to criminal prosecutions. The error in this instruction is in instructing the jury that "an injunction is never granted in a case of doubt, but only upon a case clearly made out." Coupling these two clauses together, the meaning conveyed is that the evidence must make out a case free from doubt. Expressions similar to that used in the instructions are found in the books and reports, not however as applying to rules of evidence for the guidance of juries, but to the character of the acts or facts relied upon as constituting the nuisance. The facts which are relied upon ought to be so weighty, so material, and so serious and important in character as to leave no doubt that they do create an actionable nuisance or the injunction should be denied. Where, however, as with us, actions for injunctions are triable by a jury as matter of right, there ought not to be any expression used in the charge of the court which will induce the belief that the facts constituting the complainant's cause of action must be proved beyond a doubt.

In another instruction the jury were told that: "In proceedings to enjoin a useful manufactory or business in a town, which is properly managed, the jury should proceed with extreme caution,

and weigh the rights of the parties with exceeding care, and never declare such a manufactory or business a private nuisance except here be such essential injury that the act or thing complained of cannot be justly tolerated without doing violence to the rights of individuals." It may be that some of the terms used in this instruction are justly amenable to the censure which appellants' counsel bestow upon them, but the doctrine declared is substantially correct. A lawful and needful business is not to be destroyed by injunction, unless the necessity for doing so be strong, clear and urgent. He who asks the intervention of the court in such a case must show that the acts complained of do cause him substantial and essential injury, and that there is a grave and serious wrong done by the person against whom the complaint is lodged. There must be the wrongful invasion of a legal right, and the damage resulting must be serious and substantial. The rule upon this subject is well illustrated and enforced in *Gilbert* v. *Shonerman*, 23 Mich. 448. It was there said by Cooley, J., in delivering the opinion of the court, that, "We cannot shut our eyes to the obvious truth that if the running of this mill can be enjoined, almost any manufactory in any of our cities can be enjoined upon similar reasons. Some resident must be incommoded or annoyed by almost any of them. In the heaviest business quarters, and among the most offensive traders of every city, will be found persons who, from motives of convenience, economy or necessity, have taken up there their abode ; but in the administration of equitable police, the greater and more general interests must be regarded rather than the inferior and special. The welfare of community cannot be otherwise subserved and its necessities provided for. Minor inconveniences must be remedied by actions for the recovery of damages rather than by the severe process of injunction." Courts interfere by injunction against establishments, such as mills and manufactories, with great caution, and only in cases where the facts are weighty and important, and the injury complained of is of a serious and permanent character. *Cook* v. *Forbes*, L. R. 5 Equ. 166 ; *Goodall* v. *Crofton*, 33 Ohio, 271 ; *Harrison* v. *Gevel*, L. R. 11 Equ. 388 ; *Barnes* v. *Calhoun*, 2 Ind. 199 ; *People* v. *Perkins*, 2 Dev. Eq. 38 ; *Green* v. *Lake*, 54 Miss. 540 ; *Duncan* v. *Hayes*, 7 C. E. Green, 25 ; *Adams* v. *Michael*, 38 Md. 123 ; Huckensten's Appeal, 70 Pa. St. 102.

The twelfth instruction given by the court upon the request of the appellees is as follows :

*Twelfth.* " In this case if the steam mill of the defendant, Harriet M. Philips, is used for manufacturing flour and meal, in the town of New Harmony, and is properly managed, then to authorize an injunction against the same as a private nuisance, the coal smoke, offensive smell, dust, dirt, noise or confusion complained of as arising therefrom, one or all, must be sufficiently excessive and frequent as to constitute a grievance, or the danger of fire complained of, must be a present, actual or reasonably certain danger, and not a mere contingency which may never happen ; and such danger of fire must be more than that which merely increases the rate of insurance on the plaintiff's dwelling house. *Also, in addition to this, from all the causes complained of, or from some one of them, there must be an injury to such dwelling house itself, which amounts to something more than a slight diminution in the value thereof, or which cannot be compensated in damages ;* or from all the causes complained of, or from some one of them, there must be a sensible and material annoyance to the plaintiffs and their families in the occupancy of such dwelling house, amounting to something more than a mere personal discomfort which is fanciful or may arise from mere delicacy or fastidiousness ; for the personal discomfort to the occupants of such dwelling house which would justify such injunction, must be annoyance which essentially interferes with the ordinary comfort, physically, of human existence ; or in other words, it must be an annoyance which renders such dwelling house materially less suitable for habitation, by persons in average health, or ordinary tastes and sensibilities, not merely according to elegant and dainty modes and habits of living, but according to the notions of ordinary classes living in that locality."

This instruction was clearly erroneous. It imposed a burden upon the appellants greater than the law warranted. The jury were instructed by it that there can be no recovery, unless the appellants shall have proved, in addition to the facts enumerated in the first part of the instruction, that there was an injury to the dwelling house itself. This is the plain meaning of that portion of the instruction which we have italicised. The words with which the

clause " there must be an injury to such dwelling house itself," are prefaced, are the strongest that could well have been employed. The terms, " also, in addition to this," imperatively declared that not only must the things enumerated in the preceding part of the instruction be proved, but so, also, must be that named in that part of the instruction which followed. The appellants were not bound to prove 'every allegation of their complaint; it was sufficient if they established' the substance of the issue, and this might well have been done without proving the slightest injury to the house itself. Appellants were not bound to prove an injury to the house in addition to the things enumerated in the introductory part of the instruction. The house might have stood as perfect in all its parts and as free from injury as it was the day it was built, and still the appellants have had ample cause for injunction. If the dust, dirt, smoke or offensive odors, essentially interfered with the comfortable enjoyment of the house, or, if the damage from fire was real, present and imminent, the action might be maintained, although not a penny's value of injury was done to the house itself.

The instruction is obscure and confused. The jury may well have understood it to mean that in addition to proving a wrongful and serious interference with the enjoyment of their property, the appellants were also bound to prove injury to the house itself. If this be the meaning the instruction is radically wrong. The right of appellants was not merely to have their house protected from wrongful injury, but they had the further right to be protected in its comfortable enjoyment. Noises, odors, smoke and dust, may possibly work the house itself no material injury, and yet render it impossible for the owners to live in it with comfort. The appellants were not bound to prove both an injury to the property itself, and an interference with its enjoyment. In requiring the appellants to prove both the material facts enumerated in the introductory part of the instruction and an injury to the house itself, as the instruction clearly does, the court was plainly wrong.

It is true, as a general rule, that such acts as result in a mere diminution in the value of property which can be fully and readily compensated in damages, will not supply grounds for an injunction, and parties will be left to the redress afforded by an action for dam-

ages. But, while this is true, it by no means follows that interference with the enjoyment of the property will not furnish grounds for relief by injunction, although the property itself may sustain no physical injury whatever. The right to enjoy property is as much a matter of legal concern as the property itself. While, as we have indicated, we assent to the doctrine insisted upon by the appellees, that, as a general rule a lawful business will not be enjoined merely because it diminishes the value of adjacent property, we do not mean to be understood as holding that such an element is not proper in considering an application for injunction. Nor do we mean to hold that where the act is wrongful and the injury flowing from it continues, an injunction will not be granted. We recognize as sound those cases which hold that where it is necessary to prevent a multiplicity of actions injunctions will be granted, although the only injury resulting from the wrongful acts is pecuniary loss. 2 Story Equ. J. § 925; 1 High Inj. § 739.

The last clause of the instruction under examination gives a controlling force and meaning to the whole of the instruction, and makes it declare an erroneous doctrine. Whether a thing is or is not a nuisance does not depend upon the notions of people living in a designated locality. It was proper to tell the jury, as was done substantially in the language of an English case, that the question of nuisance or no nuisance did not depend upon whether the acts complained of caused discomfort to persons of elegant and dainty modes and habits of living, but it was wrong to make the question turn upon the notions of the people of the locality. The owner of property is entitled to enjoy the ordinary comforts of life, and that right is not to be measured by the notions of the people of a particular locality. It might happen that the persons living in the locality were those who cared nothing for noxious odors, offensive stenches or for impurities fouling the waters of wells and cisterns, and it would, in such a case, be unjust to allow their notions of what constitutes reasonable comfort to control the rights of property-owners whose modes of life and whose regard for fresh air, pure water and decent cleanliness were not those of the ordinary class. On the other hand, if the people of the locality were of that fastidious, dainty class, whose over-nice tastes and delicate

sensibilities exacted more than the ordinary comforts of life, it would be unjust to allow their exacting tastes and high demands to furnish the rules which should determine whether a given business was or was not a nuisance. No man has a right to take from another the enjoyment of what is regarded by the community as the reasonable and essential comforts of life, because the notions of the people of a given locality may not correctly estimate the standard of such comforts.

We are not unmindful of the rule that locality is sometimes an important element in determining whether a business is or is not a nuisance, and we have no disposition to run counter to that rule. If one erects a dwelling house among mills and factories propelled by steam, which have been long established, he must expect to suffer the ordinary inconveniences and annoyances which are inseparable from such establishments. We approve, in its fullest extent, the doctrine that, in some localities, a business will be considered a nuisance, while it would not be so in others. But wherever the mill or factory may be located, whatever its surroundings, property owners of the vicinity have a right to require that it shall be properly managed, conducted with ordinary care and proper regard for the rights of others, and in such a way as that no unnecessary inconvenience or annoyance shall be caused them.

Judgment reversed at the costs of the appellees.