# East Tenn., Va. & Ga. Railroad Co. *v.* Lockhart.

*Action for Damages, by Passenger against Railroad Company.*

1. *Damages to passenger carried beyond his destination on railroad.* In an action against a railroad company as a common carrier, by a passenger who was carried beyond his destination, the plaintiff is entitled to recover damages for his trouble and inconvenience in getting back to his destination.

2. *Same; fright and consequent injuries.*—The plaintiff, who was a young girl about eight years of age, being carried about one mile beyond her destination, and put off at a place with which she was not familiar, would naturally be frightened by her condition and surroundings, and attempt to walk rapidly along the track back to the station; and for damages resulting from these natural consequences of the defendant's wrongful act, a recovery may be had.

3. *Same; plaintiff's sickness, and roughness of track, as evidence.*—The fact that the plaintiff was sick when she left the train, though the conductor was ignorant of it, is competent and admissible evidence for her; not as an element of damages, but as tending, in connection with other circumstances, to show the relation between the subsequent aggravation of her sickness and the defendant's original wrongful act; and the rough condition of the track back to the station, over which she walked, is admissible as evidence for the same purpose.

4. *Same; sickness as element of damage.*—Whether the plaintiff's aggravated sickness was a proximate consequence of the defendant's wrongful act, is a question of fact for the determination of the jury; and if so found by them, it is an element of the damages she is entitled to recover.

APPEAL from the Circuit Court of Chilton.
Tried before the Hon. JAMES E. COBB.

This action was brought by Louisa Lockhart, an infant, suing by her next friend, against the appellant as a common carrier, to recover damages on account of personal injuries; and was commenced on the 2d January, 1884. The complaint alleged that the plaintiff, having procured and paid for a ticket on the defendant's road from Calera, in Shelby county, to Dixie, in Chilton county, was carried more than a mile beyond her destination, and put off at Keyser's Mill, with her baggage, remote from the station, alone and unprotected, whereby she was greatly frightened and injured, and became sick and enfeebled, &c. The defendant demurred to that part of the complaint which alleged fright, and claimed damages on account of it, on the ground that fright was not an element of damages in such case; but the demurrer was overruled, and the cause was tried on issue joined on the plea of not guilty.

On the trial, as appears from the bill of exceptions, the plaintiff's evidence showed that, on the 13th October, 1883, her father purchased for her, at Calera, a ticket to Dixie, and placed her on the train, in charge of the conductor; that she was then about eight years old, "and was sick." To this last statement, as to plaintiff being sick, the defendant objected, and excepted to its admission as evidence. "The evidence tended to show, also, that the train did not stop at Dixie, but stopped so that the coach, in which plaintiff was riding, was about fifteen or twenty yards from the platform, or place where passengers usually got off, where it was as convenient and safe for getting off as at the usual stopping-place; that the train stood there long enough for passengers to get off, but neither the conductor nor any one else notified plaintiff that she was at Dixie, nor was the name of the station announced, nor did she know that it was Dixie station, nor did any one offer to assist her off; that the train passed on, and, when about a mile beyond, plaintiff asked the conductor how soon they would reach Dixie, and he told her they had already passed it; that the train continued on to Keyser's Mill, about a mile and a half beyond Dixie, where the conductor put her off, with about twenty pounds of baggage; that plaintiff was frightened, and otherwise greatly distressed in mind and body; that she walked back to Dixie on the defendant's railroad track, and that the road was rough." The defendant objected to that part of the evidence showing that the plaintiff was frightened, and also to that part showing that the road was rough; which objections were each overruled, and the defendant excepted. The evidence tended to show, also, that plaintiff, in walking from the mill back to said station on defendant's road, had to walk over several trestles; to which evidence the defendant objected, and duly excepted to its admission. The evidence

[East Tenn., Va. & Ga. Railroad Co. v. Lockhart.]

tended to show, also, that plaintiff knew no other way to get back from the mill to the station ; and the evidence further tended to show that, when plaintiff's father next saw her, which was on October 17th, she could scarcely sit up. To this evidence, as to plaintiff's condition on the 17th October, defendant objected, and duly excepted to its admission."

The overruling of the demurrer to the complaint, and the several rulings of the evidence to which exceptions were reserved, are now assigned as error.

HENRY WILSON, for the appellant.

WATTS & SON, *contra.*

CLOPTON, J.—The action is in *tort,* and is brought by the plaintiff to recover damages for injuries sustained by the negligence and wrong of the defendant in carrying her more than a mile beyond the station which was her destination, and turning her off the train. The negligence and wrongful conduct of the defendant's servants are not controverted. The assignments of error are mainly directed to the relevancy and competency of evidence, respecting the physical condition of the plaintiff, her fright, the condition of the road over which she returned to the station, and her subsequent sickness, which was admitted against the objection of defendant. The bill of exceptions does not purport to set out all the evidence, nor does it state for what purpose the particular evidence was offered. If, therefore, it was admissible for any legal purpose, the record fails to affirmatively show error.

Negligence and wrongful conduct having been established, the general rule is, that the defendant is liable for the natural and proximate damages resulting therefrom—such consequences as might probably ensue in the natural and ordinary course of events. Though the defendant is not responsible for any events produced by independent intervening circumstances, which have no connection with the primary act; if the intervening agencies are put in operation by the wrongful act of the defendant, the injuries directly produced by such agencies are proximate consequences of the primary cause, though they may not have been contemplated or foreseen. The relation of cause and effect between the tortious act and the intervening agencies being shown, the same relation between the primary wrong and the subsequent injuries is also established ; the first wrongful act operating through a succession of circumstances, each connected with, and originated by the next preceding.

The plaintiff was sick at the time she was turned off the train. It may be said the conductor was ignorant of her phys-

[East Tenn., Va. & Ga. Railroad Co. v. Lockhart.]

ical condition. Ignorance, in such case, is no excuse, and the defendant. is responsible, as if he had full knowledge of the fact. Evidence of her ailment is admissible, not as an element of damage, but as tending, in connection with other circumstances, to show the connection between the subsequent aggravation of the sickness and the wrongful act—*Brown v. C., M. & St. P. R'y Co.*, 54 Wisc. 342.

The plaintiff was a child about eight years of age. Fright was a natural consequence, on being put off the train alone, and at a place with the surroundings of which it appears she was unacquainted, some distance beyond the station where she expected to meet her friends, and might and ought to have been contemplated and foreseen. It was natural that a child of such tender years should endeavor to go back to the proper station with all practicable haste, and without consideration of consequences. She was placed in a position where it was necessary to act, to avoid the direct consequences of the wrongful act of the defendant; and having no one to assist or direct her, and knowing no other way, it was reasonable that she should proceed to walk to the station over the road-bed of the defendant. If it was requisite to proceed on foot by the only known way, using care and discretion, commensurate with her age, and by so doing aggravated her sickness, such aggravation constitutes an element of the damages, which she is entitled to recover.—*Brown v. C., M. & St. P. Railway Co., supra; Barbee v. Reese*, 60 Miss. 906; *Balt. City Pass. Railway Co. v. Kemp*, 61 Md. 74; *Lake Erie & Wes. Railway Co. v. Fixe*, 11 Amer. & Eng. R. Cas. 109.

Whether the increased sickness, that subsequently occurred, was the proximate consequence of being carried beyond the place of destination, and then turned off the train, was a question of fact to be determined by the jury on a consideration of all the circumstances. Any evidence relevant to the issues, which tends to establish their relation to each other of cause and effect, is admissible. It was, therefore, permissible to prove the fright of the plaintiff, and the rough and dangerous condition of the road over which she was compelled to walk, as intervening circumstances, through which the primary causative act successively operated, and the consequences culminated in the ultimate material injury. Moreover, where a passenger is carried beyond his destination, he is entitled to recover damages for the trouble and inconvenience in getting back to the point of destination. The fright of the plaintiff directly produced by the wrongful act, and contributing to the consequent increase of sickness, and the trouble, inconvenience, peril and fatigue of the necessitated return to the station beyond which she had been carried, were elements of damage,

[Banks v. Long.]

proper to be considered by the jury, in connection with her aggravated physical suffering.—*Drake v. Kiely*, 93 Penn. St. 492; *Seger v. Barkhamstead*, 22 Conn. 290; *Balt. P. & C. R. Co. v. Pixley*, 61 Ind. 22; *C. H. & I. R. Co. v. Eaton*, 94 Ind. 474; 2 Wood's Railway Law, 1232; 3 Sutherland on Damages, 259.

Affirmed.