# CHARLESTON.

CARL E. WILLIAMSON v. WALKER D. HINES, AGENT ETC.

Submitted October 5, 1921.     Decided October 18, 1921.

1. CONTINUANCE—*Amendment of Declaration by Substituting Official Designation of Plaintiff Held not to Warrant Postponing Trial.*

   Amendment of a declaration by the substitution of Walker D. Hines, Agent, as defendant, in lieu of Walker D. Hines, Director General of Railroads, does not warrant postponement of a trial of the action then begun, or about to begin, unless defendant shows good cause for the delay. (p. 270).

2. DAMAGES—*Instruction Limiting Recovery to Injury Inflicted in Railroad Collision Independent of Injury Suffered in Other Like Collisions Approved.*

   An instruction given in an action for damages for an in-

jury sustained in a railroad collision, which limited the recovery to the injury so inflicted, independent of injuries suffered by plaintiff in other like or similar collisions specified, is not erroneous if he had become more responsive to injury because of such former collisions, which rendered him more susceptible to injury, of which susceptibility defendant was not aware at the time of the accident.   (p. 270).

3.  SAME—*Instruction Directing Verdict for Defendant if Passenger's Other Injuries were Unknown to Carrier, Held Erroneous.*

An instruction which directs a verdict for defendant, provided the jury should believe plaintiff was, when he became a passenger, "in a highly nervous condition" because of former wrecks, and was not, therefore, a "fair average individual," and his condition was unknown to the carrier, and that the injury occurred without wanton negligence, and but for such condition it would have been slight, if any, had he "been well" when the collision occurred, is erroneous, because it makes the knowledge of the carrier a condition precedent to the right to compensation for the injury inflicted.   (p. 270).

Error to Circuit Court, Cabell County.

Action by Carl E. Williamson against Walker D. Hines, Agent, etc., for personal injuries. Judgment for plaintiff, and the defendant brings error.

*Affirmed.*

*Fitzpatrick, Campbell, Brown & Davis,* for plaintiff in error.

*A. A. Lilly,* and *J. S. Lilly,* for defendant in error.

LYNCH, JUDGE:

The errors assigned by defendant below, and plaintiff in error, for the reversal of a $5000.00 judgment for plaintiff in an action for damages due to an injury inflicted upon him, as the declaration charges, in a collision of the train on which he was a passenger and an engine negligently permitted to stand on the track over which the train had the right to unobstructed passage on its eastward trip from Huntington to Charleston, and elsewhere over defendant's line of railroad will appear as the discussion proceeds.   The collision occurred December 18, 1918, and that it did occur in the man-

ner indicated is not controverted. The only vital question to be determined upon this review has arisen on the motion to set aside the verdict of the jury and grant a new trial, which motions the trial court over-ruled, and entered judgment for the sum returned by the jury. All other assignments center upon the rulings upon the motions mentioned.

The only excuse offered for obstructing the track is that as the east bound train was nearly an hour late in leaving the station at Huntington, the agent of the company who drove the engine on the track concluded, without inquiry, that the train had run on its regular scheduled time. That supposition is not an extenuation of the negligence that was responsible for the collision, and defendant does not contend that it is. The declaration, the sufficiency of which the defendant challenged by demurrer, sets forth with certainty and particularity every fact and circumstance necessary to constitute good pleading, and we see no reason for any appropriate action thereon other than that taken by the court in over-ruling the demurrer, and defendant assigns no such reason.

The substitution of the name, Walker D. Hines, Agent, for Walker D. Hines, Director General of Railroads, as the defendant named in the summons and declaration, worked no prejudice against him, and he does not show in what respect, if any, the substitution prejudiced his right of defense during the progress of the trial, the change in name having been made after the jury had been impanneled and had heard part of the evidence. Defendant did object to the motion to amend the pleading by the substitution of a different description of the person sued, and excepted to the action of the court upon the motion, but did not request a postponement, or show or attempt to show cause for postponing the trial, or, insofar as appears from the record, assign as erroneous the permission to amend and the amendment of the declaration, until after the allowance of the writ bringing the case here for review. There is no error in the procedure. *Harness* v. *B. & O. Railroad Co.,* 86 W. Va. 284, 297.

A discussion of the court's refusal to direct a verdict for defendant seems unnecessary, as clearly plaintiff was injured

by the collision and was entitled to some compensation for the loss sustained by him, whether the injury so inflicted was temporary or permanent. He did receive some injury chargeable to defendant's negligence, a fact as to which there is no dispute. If he is to be credited, he spent $1000.00 to effect a cure for the impairment of his physical health due to the accident.

Our examination of the instructions requested by plaintiff, and given by the court, discloses no valid cause for unfavorable comment. Plaintiff's instructions ''A'' and ''B'' are not criticised by defendant and we find them unobjectionable. His instruction ''C'' directed the jury's attention to like injuries inflicted upon plaintiff in a railroad accident in 1913, and an automobile accident in 1916, and told the jury that if by reason thereof he was more susceptible to injury, nervousness and pain at the date of the Chesapeake and Ohio wreck on December 18, 1918, and that on that date the defendant negligently injured the said Williamson, and he was damaged thereby, the jury should find for the plaintiff an amount sufficient to compensate him to the full extent of the injury inflicted by defendant, etc. The objection to this language goes to the failure of the plaintiff to inform defendant of his former injuries, presumably for the purpose of exacting from defendant's agents in charge of the train a higher degree of care as to plaintiff than that devolving upon them in case plaintiff had not theretofore received such or like injury affecting his health or strength. That such was the theory of defendant seems plausible when measured by his instruction No. 7, which the court refused to give, and of which refusal he complains. The language of instruction ''C'' fully guards against the danger of misinterpretation by the jury, and in effect advises the jury to assess the defendant with such an amount of damages as will compensate plaintiff for the injuries inflicted by defendant, and not for injuries suffered by him in any other manner. Defendant's instruction No. 7, if given, may have induced the jury to believe that if a passenger having an infirmity, not apparent when a railroad company receives him as such, is injured in an accident, attributable to the company's negli-

gence, he can not recover unless the company is aware of his condition when it receives him as a passenger. That is, the instruction propounded, makes susceptibility to injury the test. That is not a reasonable test. Suppose, as was the case in *Mann Boudoir Car Co.* v. *Dupre,* 54 Fed. 646, 21 L. R. A. 289, a married woman, who, when received for railroad transportation, was in the early stage of pregnancy, of which condition the carrier had no knowledge, is subjected to unreasonable treatment by the agents of the carrier, for which and for other reasons she deemed it advisable, or was required by them to leave and did leave the coach, in consequence of which she suffered a miscarriage, and other harmful results, for which she sued and recovered a judgment, one of the lines of defense being the lack of the company's knowledge of plaintiff's condition at the time she became a passenger. In the opinion, the court said: "This theory and the requested charge embodying it would require every pregnant woman to refrain from travel; to take all the risks of the negligence of public carriers, or to proclaim her condition to the servants of the carrier."

In *East Tenn., Va. & Ga. Railroad Company* v. *Lockhart,* 79 Ala. 315, Louisa Lockhart, a child, being plaintiff, was a passenger on the railroad and at the time was sick, and was required by defendant's agents to leave the train, which she did and walked to the station beyond which they had carried her, whereby her illness was seriously aggravated, and the court said in substance, that ignorance of her condition was not an excuse, "and the defendant is as responsible as if he had full knowledge of the fact." Also, in *City of Roswell* v. *Thomas M. Davenport,* 14 N. M. 91, Davenport having obtained a judgment against the city for injury occasioned by a defective sidewalk, where the diseased condition of the plaintiff, of which defendant was not aware at the time of his injury, was aggravated, the lack of such knowledge did not affect the question of negligence. There is, therefore, no error in the action of the trial court upon the two instructions. It would be an extraordinary requirement if a passenger afflicted with some disguised disease or infirmity should be compelled to publish to the company's agent his

physical condition in order to hold the company liable for the negligence of such agents.

Defendant claims to be aggrieved by an oral instruction not asked by either party to the action, but objected to by defendant. What the character, purport and effect of the language used, was, nowhere appears in the record. It may have been harmless, it may not have influenced or tended to influence the jury. If defendant considered it sufficiently important to require the opinion of this court upon the propriety or harmful effect of the instruction, defendant should have made it a part of the record by a bill of exception.

A further complaint goes to the refusal of defendant's instruction No. 5, which required a verdict for defendant if the jury believed the evidence sufficient to show: (1), that the ailments from which the plaintiff is suffering, in accordance with his allegations, were not caused by the injuries, or any of them, received in the collision of December 18, 1918, (2), that no substantial injury was received in such accident, (3), that there was no loss of time by the plaintiff, and (4), that his business was not interfered with.

A sufficient reason for refusing this instruction is the absence of proof of the facts upon which it is predicated. From the date of the accident, December 18, 1918, until March 6, 1919 plaintiff did no work and received no compensation except that voluntarily contributed by Barrett Brothers, doing business in Pittsburg, whose agent he was, and when he resumed the transaction of their business in the territory assigned to him he was unable to perform the service required to the same extent and with the same degree of efficiency as he had done before the accident; and from its date and for some months afterward his physical condition was such as to prevent him from engaging in any profitable occupation, and to require frequent medical treatment, either in a hospital in Pittsburgh or Huntington, or at the office of his medical advisor. This condition persisted even at the time of the trial, as did also the tenderness of the injured parts of his body, produced by the collision, and which then caused him pain and other serious inconvenience, more or less persistent. That such was the result of the accident the evi-

dence does in some measure tend to show, and part of it relating to his ability to resume and the deferred resumption of the avocation pursued by him before the accident is without contradiction, and hence its inclusion would have been erroneous.

The character and seriousness of the accident and its effect upon plaintiff are matters submitted to and passed upon by the jury, and unless the jurors failed to give due weight to the testimony touching that feature of the case, their verdict must stand.

As heretofore said, the collision resulted from the gross indifference for the safety of defendant's passengers, and as a result thereof, plaintiff was thrown forward against a table in the club coach, located near the partition dividing the car into its two compartments, and at which he was sitting for the purpose of ordering and eating breakfast, thereby causing him pain in the right lower quadrant of his abdomen, and the severance or dilaceration of the nerves contained under the part so affected, some of them extending to the scrotum. From the ailments so produced or aggravated, if produced by the accidents heretofore referred to, plaintiff still suffered at the time of the trial, after the lapse of sixteen and one half months, during which period he was examined by experienced surgeons and treated by competent physicians, most of whom were unable to discover a likelihood of persistency or permanency in the injury, but one or two of whom did, and they are corroborated by his wife and himself, as well as others. And, although we might be inclined to agree with defendant, and a majority of those who testified in defendant's behalf, in believing the verdict and judgment to be excessive, that belief can not ordinarily authorize appellate interference by granting a new trial. *Hicks* v. *Romaine,* 116 Va. 401, 82 S. E. 71; *Hill* v. *Norton,* 74 W. Va. 428, 82 S. E. 363.

From December 18, 1918, the date of the accident, until March 6, 1919, he did no work and received no compensation except wages paid by his employer, and then was inefficient to some extent by reason of the injury, and for that reason unable to cover the territory assigned to him by the

company. in whose business he was employed. In the meantime he was under the observation and care of one or more physicians, and part of the time in a hospital in Pittsburgh and another in Huntington. It was, therefore, the duty of the jury to determine whether the injury was permanent or temporary, and as they have done so, it is incumbent on us to affirm the judgment.

*Affirmed.*