Filed Oct. 16, 1884.

---

No. 11,454.

REICHERT ET AL. *v.* GEERS ET AL.

NUISANCE.—*Slaughter-House.—Injunction.*—A slaughter-house, in use in a populous part of a city, is *prima facie* a nuisance, and its use as such may be enjoined at the suit of neighboring residents, when it is shown by the evidence to be in fact an injury or annoyance.

From the Wayne Circuit Court.

*W. A. Bickle,* for appellants.

*H. C. Fox,* for appellees.

FRANKLIN, C.—Appellees brought this suit to enjoin appellants from continuing a nuisance in the use of a certain slaughter-house, in the city of Richmond, Indiana.

An issue was formed upon the complaint by a denial. There was a trial by the court, finding for plaintiffs, and, over a motion for a new trial, judgment was rendered for plaintiffs. A motion to modify the judgment was also overruled.

The errors complained of and insisted upon are the overruling of the motion for a new trial and the motion to modify the judgment.

The slaughter-house complained of was situate on the bank of White Water river, in the midst of three other slaughter-houses, two above and one below, in the southwest part of the city, all of which discharged the offal and refuse matter into the bed of the river, to be carried off south away from the city by the running water in the stream.

The plaintiff Geers resided about one hundred yards from

defendants' slaughter-house, and the plaintiff Merings about three hundred yards distant on the west side of the river. There were from four hundred to five hundred people residing within a radius of one-eighth of a mile of the slaughter-house; the most of them northeast thereof, and composing the south-west part of the population of the city; the river running south upon the west side of the city. Southeast of the slaughter-house the lands were low, wet and unimproved.

The complaint charges that the defendants kept their slaughter-house in an unclean, impure and filthy condition, so as to allow the offal and refuse animal matter to be and remain in and about the premises until they became putrid and decayed, filling the air with noxious and offensive odors; the gathering in and keeping in pens upon the premises all kinds of stock preparatory to slaughter, and permitting the pens to become foul and filthy, until they emitted offensive odors, and the causing of unusual, loud and hideous noises by the stock while in the pens, and their groans and outcries while being killed, both by day and in the night time, so as to essentially interfere with the plaintiffs, and the citizens residing in the immediate vicinity thereof, comfortably living upon and enjoying their property.

The evidence is conflicting as to the manner in which the defendants' slaughter-house had been kept for two or three years preceding the trial. There was evidence on the part of the plaintiffs clearly tending to prove the truth of the charges in the complaint, and to sustain the finding of the court. In such cases this court will not weigh the evidence and reverse the judgment on account of the overruling of a motion for a new trial, based upon the weight of the evidence.

The court rendered judgment "that the defendants and each of them, agents and employees and servants, be and they are hereby perpetually enjoined from carrying on, maintaining and operating a slaughter-house, or permitting the same to be done by others, for the purpose of killing, slaughtering and butchering hogs, cattle, sheep and other animals

upon the lands owned by defendants, or either of them, as described in the complaint and situate within the corporate limits of the city of Richmond, Wayne county, Indiana, and bounded as follows, to wit: " After giving a description of the land, then the judgment proceeds to enjoin the defendants from carrying on and conducting the slaughter-house in the manner in which it had been conducted and carried on as charged in the complaint.

A motion to modify the judgment by striking out that part included in the above quotation was overruled by the court. The conducting of the business of a slaughter-house in a densely populated part of a city may not be considered *per se* a nuisance; still it will be considered *prima facie* a nuisance. Wood Law of Nuisances, section 571. " Slaughter-houses, being generally of a noxious character, should not be established in public places, but rather in the outskirts of towns, away from habitations and public roads, and their establishment elsewhere is always perilous to the owner, for, if they can not be so conducted as not to become of a noisome character, either to individuals or the public, they will be stopped by a court of equity, or by action or indictment in a court of law. Even when they are originally built in a place remote from the habitations of men, or from public places, if they become actual nuisances by reason of roads being afterward laid out in their vicinity, or by dwellings subsequently erected within the sphere of their effects, the fact of their existence prior to the laying out of the roads, or the erection of the dwellings, is no defence." Wood Law of Nuisances, section 572; *Brady* v. *Weeks*, 3 Barb. 157. And the same doctrine has been held by the English courts. See authorities referred to in note to above section of Wood Law of Nuisances; *Sims* v. *City of Frankfort*, 79 Ind. 446; *State* v. *Louisville, etc., R. W. Co.*, 86 Ind. 114.

Ordinary manufactories, mills and workshops within a populous city are not necesssarily *per se* or *prima facie* nuisances. Though "A lawful business may be so conducted as

to become a nuisance, but, in order to warrant interference by injunction, the injury must be a material and essential one. Damages may be paid by the author of the nuisance and the business not be stopped, but if injunction issues then the right to conduct the business is at an end. The necessity which will authorize the granting of the writ of injunction, to restrain the carrying on of a business lawful within itself, must be a strong and imperious one. If it were otherwise, all mills and manufactories might be stopped at the demand of those to whom they caused annoyance, even though the injury complained of might be slight and trivial. * * * * * Courts interfere by injunction against establishments such as mills and manufactories, with great caution, and only in cases where the facts are weighty and important, and the injury complained of is of a serious and permanent character." *Owen v. Phillips,* 73 Ind. 284. See authorities therein cited.

But slaughter-houses are of a somewhat different nature. They necessarily, to some extent, cause the atmosphere in their vicinity to become impure, noxious, poisonous and unhealthy. Hence, when located in a populous part of a city, they are held to be *prima facie* nuisances. *Pruner v. Pendleton,* 75 Va. 516. In this case, according to the decision of the court below, the evidence failed to overcome this *prima facie* case, and we think the evidence fairly tended to support the finding and judgment of the court. There was no error in overruling the motion to modify the judgment. It ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

Filed Oct. 18, 1884.