Filed April 30, 1892.

---

No. 15,518.

## Tyner v. The People's Gas Company et al.

Injunction.—*Natural Gas.*—*"Shooting" Well.*—*Use of Explosives.*—An injunction will lie to prevent the "shooting" of a gas well and the accumulation of nitro-glycerine for that purpose, when it will endanger the dwelling-house of the plaintiff, and the lives of himself and family.

Same.—*Increasing Flow of Gas.*—*Adjoining Land-Owner.*—A party has the right to explode nitro-glycerine in his well for the purpose of increasing the flow of gas, and an injunction will not lie to prevent his doing so, on the ground that thereby gas will be drawn from the plaintiff's land into the defendant's well.

Tyner v. The People's Gas Company *et al.*

PLEADING.—*Complaint.*—*Construction of.*—*What Court Will Look to.*—In construing a complaint, and in determining the rights of the parties thereunder the court will look to the nature of the acts alleged, and if such acts are lawful within themselves, the use of such epithets as "unlawfully," "maliciously" and "wantonly," in the complaint, can not make them unlawful.

From the Hancock Circuit Court.

*D. S. Gooding*, for appellant.

*J. A. New, C. G. Offutt* and *R. A. Black*, for appellees.

COFFEY, J.—The complaint in this case consisted of three paragraphs. The appellant withdrew the second paragraph and the court sustained a demurrer to the first and third. The appellant refusing to amend the appellees had judgment.

The assignment of error calls in question the ruling of the court in sustaining the demurrer to the first and third paragraphs of the complaint.

The first paragraph alleges, in brief, that the appellant and the appellees are the owners of adjoining city lots in the city of Greenfield, Indiana, situate near the center of the city; that the family residence of the appellant, in which he and his family reside, is located on the lots so owned by him; that the appellees, regardless of the rights of the appellant, and of the safety, peace, comfort and lives of himself and family, without his consent, and over his objection, have dug and constructed a natural gas well to the depth of about one thousand feet, two hundred feet distant from appellant's said residence, and within forty-three feet of the appellant's lots; that appellees threaten and are about to "shoot" said well and will do so unless restrained therefrom; that for this purpose they have unlawfully brought into the city of Greenfield a large quantity of nitro-glycerine or other nitro-explosive compound, and have permitted the same to remain within two hundred feet of appellant's said residence for three hours at a time, in the midst of and surrounded by a large number of people; that they threaten to

" shoot " said well with their said nitro-glycerine, and will do so unless restrained and enjoined therefrom ; that nitro-glycerine is highly explosive and is very dangerous to life and property, and is liable to explode under any and all circumstances ; that an explosion of sixty or one hundred quarts thereof at any given place on the surface of the earth could and probably would destroy life and property anywhere within five hundred yards of such explosion; that the handling or storing thereof in or about the appellees' gas well will endanger the lives of the appellant and his family as well as his property, and that the explosion thereof within the well will greatly injure the property of the appellant, both above and below the surface of the earth, and endanger the life of himself and family.

The third paragraph alleges, substantially, that under the land of the appellant, described in the first paragraph of the complaint, at a depth of nine hundred or one thousand feet, are many valuable stones and rocks, among others, the rock known as " Trenton rock," containing great quantities of natural gas of the value of $4,000 ; that said natural gas, prior to August, 1889, was imbedded, contained, held and securely kept in said " Trenton rock ; " that on the 19th day of August, 1889, the appellants unlawfully and maliciously dug and constructed a natural gas well to the depth of one-thousand feet within twenty-five feet of appellant's lots, and on the — day of September, 1889, unlawfully and maliciously intending to injure and damage the appellant and his property, unlawfully, wantonly and maliciously performed the act of " shooting " their gas well to the great damage of the appellant ; that the appellees at the time they sunk their well, intended, by means thereof, to draw and cause to flow large quantities of natural gas from appellant's said " Trenton rock " into their well, and that large quantities of said gas did flow into their said well from August until December, 1889 ; that in September of that year appellees unlawfully and maliciously, and over appellant's objection, with the in-

tent to obtain and convert to their own use a larger flow of appellant's gas, and to cause the same to flow into their well, and thereby enable them to sell the same to their customers, did " shoot " their said well, and thereby opened the crevices and fissures in said " Trenton rock " for a distance of two hundred feet in all directions from their well, and thereby caused a large quantity of appellant's gas to escape from said rock and flow into said well continuously ever since, by means of which they have possessed themselves of appellant's gas, and sold the same to their customers, to appellant's damage in the sum of two thousand dollars; that the appellees threaten to continue to extract from appellant's land the gas thereunder, and convert the same to their own use to the irreparable damage of the appellant, and for which the law affords no adequate remedy in damages.

We regret that we have not been furnished a brief by the appellees in this case, and that we are unadvised, by them, of the ground upon which the circuit court made its rulings.

In our opinion the court erred in sustaining a demurrer to the first paragraph of the complaint. It is true that many allegations are found therein which might have been omitted, but still the distinct allegations are these, that by shooting appellees' well, and the accumulation of nitro-glycerine for that purpose, the appellant's dwelling and the life of himself and family will be endangered.

This is admitted by the demurrer, and if such is the fact the appellees should be enjoined from " shooting " their well.

One of the well-known exceptions to the rule that the owner may use his property as he thinks best, is that he must so use it as to cause no unnecessary injury to others. "A private nuisance of the sort which is redressed at the suit of the party, is anything done on one's premises or elsewhere, or put into circulation, or omitted to be done contrary to a legal duty, wherefrom, through the separate action of nature or of the common cause of events, an injury follows

to or directly menaces another." Am. and Eng. Encyc. of Law, title, "Nuisance;" Bishop Non-Contract Law, section 411.

It is settled by our own decisions that the erection or maintaining of anything that is injurious to health, indecent, offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere with the comfortable enjoyment of life or property, constitutes a private nuisance. *Ohio, etc., R. W. Co.* v. *Simon,* 40 Ind. 278; *Haag* v. *Board, etc.,* 60 Ind. 511; *Owen* v. *Phillips,* 73 Ind. 284; *Williamson* v. *Yingling,* 93 Ind. 42.

To live in constant apprehension of death from the explosion of nitro-glycerine is certainly an interference with the comfortable enjoyment of life.

Injunction is the proper remedy for an injury of this kind. *Smith* v. *Fitzgerald,* 24 Ind. 316; *Reichert* v. *Geers,* 98 Ind. 73.

We do not think the court erred in sustaining a demurrer to the third paragraph of the complaint. The use of the words "unlawfully," "maliciously" and "wantonly" add no force to the complaint. In construing the complaint, and in determining the rights of the parties thereunder, we will look to the nature of the acts alleged, and if such acts are lawful within themselves, such epithets can not make them unlawful.

That the appellees had the right to explode nitro-glycerine in their well for the purpose of increasing the flow of gas, was settled by the case of *People's Gas Co.* v. *Tyner, ante,* p. 277.

The question needs no further elaboration here.

Judgment reversed, with directions to overrule the demurrer to the first paragraph of the complaint.

Filed April 30, 1892.