# Tuckachinsky, Appellant, *v.* Lehigh and Wilkes-Barre Coal Company.

*Negligence—Explosion—Mines and mining—Nuisance.*

In an action against a coal mining company to recover damages for personal injuries resulting from a concussion of air by an explosion of dynamite and powder, binding instructions for defendant are proper where the uncontradicted evidence shows that the explosives were stored in small quantities to meet current needs, in a small wooden building in an open space, near the shaft of defendants' mine; that when originally located, the magazine was not in the vicinity of a residence district, but that population had settled near it; that plaintiff had resided within about 700 feet of the magazine for some sixteen years without objection to its location or maintenance; and that the explosion was caused by lightning. In such a case there is nothing in the evidence to show that the magazine was in itself a nuisance.

Argued April 18, 1901. Appeal, No. 128, Jan. T., 1901, by plaintiff, from judgment of C. P. Luzerne Co., Oct. T., 1897, No. 1187, on verdict for defendant in case of Mary Tuckachinsky by her father and next friend David Tuckachinsky, v. The Lehigh and Wilkes-Barre Coal Company. Before Mc-Collum, C. J., Mitchell, Brown, Mestrezat and Potter, JJ. Affirmed.

Trespass for personal injuries. Before Ferris, J.

The facts appear by the opinion of the Supreme Court.

The court gave binding instructions for defendant. Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*John T. Lenahan,* with him *James L. Lenahan,* for appellant. —The exercise of reasonable care in the creation or maintenance of a nuisance can never be an absolute defense to an action for any injury occasioned thereby: Ray on Negligence of Imposed Duties, p. 10; Gavigan v. Atlantic Refining Co., 186 Pa. 604; Pottstown Gas Co. v. Murphy, 39 Pa. 257; New Castle v. Raney, 130 Pa. 560.

In the case at bar the facts and circumstances which would have justified the jury in finding that the powder house was a nuisance, are, first, the character and construction of the building; second, its location in close proximity to numerous dwellings and two greatly traveled streets; third, the quantity of powder and dynamite stored therein; fourth, the fact that it could very easily and at a small expense be removed to the vacant lands where the danger would be considerably lessened; fifth, the absence of necessity for a powder house at that point; sixth, when the mines were abandoned, the defendant did not remove the explosives except just as it suited his convenience, and at the time of the accident there were several kegs of powder and dynamite there; seventh, the powder house was left without any one in charge of it without any regard for the probable consequences of fire or outside interference: Heeg v. Licht, 80 N. Y. 579; Myers v. Malcolm, 6 Hill (N. Y.), 292; Wier's App., 74 Pa. 230; Dilworth's App., 91 Pa. 247; Bradford Glycerine Co. v. St. Mary's Woolen Mfg. Co., 60 Ohio, 560; Wilson v. Phœnix Powder Mfg. Co., 40 W. Va. 413; Cheatham v. Shearon, 1 Swan (Tenn.), 213; McAndrews v. Collerd, 13 Vroom (N. J.), 189; Laflin & Rand Powder Co. v. Tearney, 131 Ill. 322; Hay v. Cohoes Co., 2 Comstock (N. Y.) 159; St. Peter v. Denison, 58 N. Y. 416; Tipping v. St. Helen's Smelting Co., L. R. 1 Ch. App. Cases, 66; Brady v. Weeks, 3 Barb. (N. Y.) 157; Boston Rolling Mills v. Cambridge, 117 Mass. 396; Evans v. Reading Chemical Fertilizing Co., 160 Pa. 209.

*Henry W. Palmer*, with him *Andrew H. McClintock*, for appellee.—As the facts were not in dispute, it was the duty of the court to say whether as a matter of law, they established that the defendants were maintaining a nuisance: Steere v. Oakley, 5 Pa. Superior Ct. 46; Schuylkill, etc., Imp. Co. v. Munson, 14 Wall. 442; Pleasants v. Fant, 22 Wall. 116; Holland v. Kindregan, 155 Pa. 156.

In this case the learned judge was of opinion that the facts did not establish a nuisance, and that if the jury found it he could not sustain the verdict. Therefore, he did his duty and gave a binding instruction: Wier's App., 74 Pa. 230; Rhodes v. Dunbar, 57 Pa. 274; Dilworth's App., 91 Pa. 247; Bradford

Glycerine Co. v. St. Mary's Woolen Mfg. Co., 60 Ohio, 560; Walker v. Chicago, Rock Island & Pacific Ry. Co., 71 Iowa, 658; Booth v. Rome, etc., Terminal R. R. Co., 140 N. Y. 267.

OPINION BY MR. JUSTICE POTTER, May 27, 1901 :

It is contended in this case, upon the part of the appellant, that it was for the jury to say, whether or not the powder house of the defendant company was a private nuisance, and if they so found, that then the defendant was liable for damages caused by the explosion, regardless of the question of negligence. When originally located, the magazine was not in the vicinity of a residence district; but with the growth of the community, the population has settled near the shaft and near the magazine, in apparent disregard of any danger from explosion.

At the time of the accident, the defendant company had four and one half boxes of dynamite, and four and one half kegs of black powder, stored in a wooden building, fourteen feet square and twelve feet high, in an open space near the shaft of its colliery. The mine was not in operation at the time, but some dead work was being done, in which powder was necessary.

The testimony shows that the explosion was caused by lightning.

The plaintiff was standing in the doorway of her father's house, and seems to have been thrown backwards and down a flight of stairs, by the concussion of the air, receiving injuries for which it is here sought to recover damages. The trial court gave binding instructions to the jury, to find for the defendant, in the following language : " There is not, therefore, any evidence in the case of any negligence on the part of the defendant, unless it consists in its having the kind and quantity of explosives in the place at the time, for the purpose and under the circumstances already stated. As to this there is no controversy, no dispute, no question of fact to be determined ; the only question to be decided is, whether under the law, this state of facts constitutes negligence in itself, for which plaintiff may recover in this action. This is a question, not of fact for the jury, but of law, the duty of deciding which is laid upon the court. In the discharge of this duty, we say to you, gentlemen, that in our opinion, the fact that the defendant had at the time and place of the accident, four boxes and a part of a box of dy-

namite, and four kegs and a part of a keg of black powder, in its powder house, located as it was shown to be, did not in itself constitute negligence for which the plaintiff is entitled to recover in this action ; and we therefore instruct and direct you to return a verdict in this case in favor of the defendant." This action of the court is assigned as error. A nuisance has been defined as "that which annoys and disturbs one in the possession of his property, rendering its ordinary use or occupation physically uncomfortable to him." The evidence in this case shows that the powder magazine has been in use by the defendant company for more than thirty years, and that the plaintiff has resided within about 700 feet of it, for some sixteen years. Yet there is no testimony to show that any apprehension of danger, or any fear of explosion, was felt, or expressed by any one, during that time. No objection to the location or maintenance of the magazine has been shown. The explosives were stored in small quantities, to meet current needs. Such materials are always dangerous, but as their use is essential to the work of mining, it is impossible to protect absolutely, persons or property in the immediate vicinity. The risk is similar to that arising from the operation of steam boilers, and other machinery, and apparatus necessary to the prosperity of great communities.

Negligence in the care of the explosives or in the management of the magazine, was neither charged nor proven. The only question in the case, was as to whether or not the magazine was in itself a nuisance. We can see nothing in the evidence to support such a finding. The explosives were kept only for use in the mine, and were kept in small quantities. The explosion was caused by no act of the defendant, but by a stroke of lightning. The trial court could not have sustained a verdict for the plaintiff, upon the evidence. His instructions to the jury, to find in favor of defendant, were proper, and the judgment is affirmed.