H. S. KERBAUGH, Inc., v. CALDWELL.

(Circuit Court of Appeals, Third Circuit. January 21, 1907. On Rehearhearing, March 30, 1907.)

No. 35.

1. EXPLOSIVES—NUISANCE—WHAT CONSTITUTES—POWDER MAGAZINE—QUESTION FOR JURY.

Where, in an action for injuries by the explosion of a powder magazine, plaintiff alleged that defendant violated its duty to plaintiff by storing large quantities of explosives within 1,000 feet of plaintiff's dwelling house, whether the maintenance of such powder magazine constituted a nuisance was for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Explosives, §§ 4, 5.]

2. SAME—INJURIES.

Where plaintiff was injured by the explosion of a powder magazine negligently maintained within 1,000 feet of plaintiff's dwelling house, and the jury found that such magazine was a nuisance, defendant was liable for all damages resulting to plaintiff from the explosion.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Explosives, §§ 4, 5.]

3. SAME—EVIDENCE.

Where, in an action for injuries by the explosion of a powder magazine, plaintiff claimed that the magazine was a nuisance, evidence as to the quantity of the explosives stored in the magazine and the manner in which it was stored, etc., was admissible on the issue of nuisance.

4. TRIAL—RECEPTION OF EVIDENCE—OBJECTIONS—FORM.

Where a portion of the testimony objected to as irrelevant was admissible, the objection was properly overruled.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 223.]

5. EVIDENCE—REMOTENESS.

Where plaintiff charged that a powder magazine which exploded on March 5, 1904, causing plaintiff's injury, constituted a nuisance, evidence as to the conditions existing in the magazine on and prior to February 18, 1904, was not objectionable, as bearing on the issue of nuisance, for remoteness.

6. ERROR, WRIT OF—RECORD—BILL OF EXCEPTIONS—ASSIGNMENTS OF ERROR.

Where neither the bill of exceptions nor the transcript of the testimony attached thereto showed that certain assignments of error were founded on any exceptions asked for during the progress of the trial, such assignments could not be considered on a writ of error.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 2300–2305.]

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

See 144 Fed. 443.

Edward E. Robbins and John E. Kunkle, for plaintiff in error.

Curtis H. Gregg, Sidney J. Potts, S. A. Kline, and G. Plummer Kline, for defendant in error.

Before DALLAS and GRAY, Circuit Judges, and LANNING, District Judge.

LANNING, District Judge. This writ of error brings up a judgment rendered on the verdict of a jury in favor of the plaintiff, the defendant in error here, against the defendant, the plaintiff in error here. In 1903 and 1904 the defendant was engaged in grading and changing the main line of the Pennsylvania Railroad in Westmoreland county, Pa. It erected, within 1,000 feet from the plaintiff's dwelling house, two buildings in which large quantities of dynamite and blasting powder were stored for use in its work. On March 5, 1904, both of the magazines exploded. The plaintiff, at the moment of the explosion, was sitting in a chair in his house. The force of the explosion was so great that he was thrown from his chair and his eyesight totally destroyed. The jury gave him a verdict for $2,525.

The plaintiff's statement of his case contains three counts: First, that the defendant violated its duty to the plaintiff by storing within 300 or 350 yards from his dwelling house large quantities of dynamite and blasting powder, which on March 5, 1904, exploded and injured him; second, that the defendant employed a careless watchman, who permitted a stove in one of the magazines to become overheated, whereby the dynamite and blasting powder were exploded and injured the plaintiff; and, third, that the defendant negligently and carelessly permitted the stove to become overheated, whereby the dynamite and

blasting powder were exploded and the plaintiff was injured. The plea was the general issue.

. The first four specifications of error relate to the refusal of the trial judge to charge certain of the defendant's requests. These requests were evidently based on the theory that in no aspect of the case could the defendant's maintenance of the two magazines be regarded as a nuisance. We think, however, that the court properly refused to charge these requests. The evidence shows that some time in February, 1904, and also on March 1, 1904, each of the magazines contained a large quantity of dynamite and powder. One witness says that on March 1st dynamite was piled up in one of the magazines four or five feet high, and, indeed, near to a red-hot stove. The mere possession of explosives by a person who is using them in his business is not unlawful. But no person can store them in large quantities so near to a dwelling house as to endanger it or its occupants without being guilty of maintaining a nuisance, private or public. What constitutes a nuisance is usually a question of fact to be determined by the jury. In the present case the jury had before them the evidence of the storing of large quantities of highly explosive materials by the defendant within 1,000 feet from the plaintiff's dwelling house. Whether the act of so storing these explosives constituted a nuisance was a question that could not be properly withheld from the jury, in view of the first count of the plaintiff's statement. That count, in substance, charged the defendant with maintaining a private nuisance. The jury found, without doubt, that the storing of such large quantities of explosives in the magazines was a nuisance. Having so found, the defendant became liable for all damages resulting therefrom to the plaintiff. In Weir's Appeal 74 Pa. 230, the Supreme Court of the state of Pennsylvania reversed the court of common pleas of Allegheny county, and directed that an injunction issue to restrain the defendant from erecting a powder magazine near the dwellings of the complainants. This was done because the Supreme Court found, as a fact in the case, that the maintenance of the powder house would be a nuisance. In the opinion, the following language from Rhodes v. Dunbar, 7 P. F. Smith (Pa.) 274, 98 Am. Dec. 221, was quoted with approval:

. "These observations give no just grounds to draw the inference that a powder magazine, or depot of nitroglycerine, or like explosive materials, might not possibly be enjoined, even if not prohibited, as they usually are, by ordinance or law. It is not on the ground alone of their liability to fire, primarily or even secondarily, that they may possibly be dealt with as nuisances, but on account of their liability to explosion by contact with the smallest spark of fire, and the utter impossibility to guard against the consequences, or set bounds to the injury, which, being instantaneous, extends alike to property and persons within its reach."

The case of Sowers v. McManus, 214 Pa. 245, 64 Atl. 398, on which the plaintiff in error relies, is not, as we understand it, opposed to the rule above stated. In that case the plaintiff failed utterly to show that the defendant kept stored anywhere any quantity of dynamite. No question of maintaining a nuisance was raised. The question was simply whether the explosion was due to negligence on the part of

the defendant. There being no evidence of negligence, the judgment in favor of the defendant was affirmed.

Weir's Appeal is in harmony with Heeg v. Licht, 80 N. Y. 579, 36 Am. Rep. 654, where it is said:

"The cases which are regarded as private nuisances are numerous, and the books are full of decisions holding the parties answerable for the injuries which result from their being maintained. The rule is of universal application that, while a man may prosecute such business as he chooses on his own premises, he has no right to erect and maintain a nuisance to the injury of an adjoining proprietor or of his neighbors, even in the pursuit of a lawful trade."

The fifth specification of error is that the trial court erred in admitting a certain part of the testimony of the witness George Flickinger, and the sixth is that the court erred in not striking out that part. The part of Flickinger's testimony objected to relates to the quantity of explosives stored in the magazines, and to the manner in which they were stored, when he saw them in February and on March 1, 1904. It also relates to a stove in one of the magazines, which the witness says was red hot on the two dates above mentioned. The argument in support of these specifications is that the condition of the stove on dates prior to March 5, 1904, when the explosion happened, was not relevant to the question concerning its condition on the day of the explosion. Conceding, without deciding, this point, the portion of the testimony, exclusive of that relating to the stove, was material on the question as to whether the defendant was guilty of maintaining a nuisance as charged in the first count of the plaintiff's statement. The objection was too broad, and for this reason these specifications cannot be sustained.

The seventh and eighth specifications are that the court erred in admitting certain testimony of Abraham Doyle, who testified to the conditions existing in the magazines on and prior to February 18, 1904. The ninth and last specification is that there was error in not granting the defendant's motion to strike out all the evidence in the plaintiff's case relating to the condition of the magazines on and before March 1, 1904. A portion of the testimony thus objected to related to the quantity and character of the explosives stored in the magazines, and was admissible on the question of maintaining a nuisance. It was not too remote for that purpose.

There is another point concerning the fifth, sixth, seventh, and ninth specifications of error that should be referred to. The bill of exceptions shows that the case came on for trial in the circuit court, and that a verdict was rendered, in November, 1905. It then proceeds to say that:

"Upon the —— day of February, 1906, judgment was entered thereon against the defendant, and counsel for the defendant asked the court to grant the following exceptions."

The exceptions then follow. It thus appears that the exceptions were actually signed about three months after the trial. It is a very common, and a very proper, practice to have exceptions noted as a trial proceeds, and after the trial is ended, provided it is done within the term in which the trial is had, to prepare a bill of exceptions and have it signed. But a party cannot, after a verdict has been rendered against

him, for the first time ask the court to grant exceptions. All that the court can properly do concerning exceptions, after verdict, is to sign a bill containing the exceptions that were actually granted in the course of the trial. In the present case, the record shows that the first, second, third, and fourth specifications, those relating to the refusal of the trial judge to charge certain of the defendant's requests, are based on exceptions asked for immediately after the charge was delivered and before the return of the verdict. It also appears that the eighth specification is based on an exception duly asked for during the progress of the trial. But neither the bill of exceptions, nor the transcript of the testimony taken in the case and annexed to the bill of exceptions as a part thereof, shows that the fifth, sixth, seventh, or ninth specification is founded on any exception asked for during the progress of the trial. On this ground alone, if not for the reasons already stated, we think these last-mentioned specifications cannot be sustained.

The judgment of the Circuit Court is affirmed, with costs.

## On Rehearing.

PER CURIAM. We think the petition for a rehearing of this case should be denied. Counsel for the plaintiff in error requested the trial court to charge the jury that the location of the powder and dynamite magazines within 1,000 feet of the dwelling house of the defendant in error did not constitute a nuisance. This request was refused. The assistant superintendent of the plaintiff in error admitted in his testimony that there were stored in the dynamite magazine probably 10,000 pounds, or 5 tons, of dynamite, and in the powder magazine 200 or 300, or possibly 400, kegs of black powder. It has been held that a party who uses explosives in a lawful business and with reasonable care and skill is not liable for damages resulting from mere concussion. Booth v. Rome, Watertown & Ogdensburg T. R. Co., 140 N. Y. 267, 35 N. E. 592, 24 L. R. A. 105, 37 Am. St. Rep. 552; Simon v. Henry, 62 N. J. Law, 486, 41 Atl. 692. And in Tuckachinsky v. Coal Co., 199 Pa. 515, 49 Atl. 308, it was held that the defendant was not liable for injury to the plaintiff resulting from concussion in a case of the explosion of a magazine in which there were stored at the time of the explosion four boxes and a part of a box of dynamite and four kegs and a part of a keg of black powder. It appeared, in that case, not only that the magazine had been in use by the defendant company for more than 30 years, and that the plaintiff had resided within 700 feet of it for 16 years without objection to its location, but that the quantity of explosives stored in the magazine was small, and only sufficient to meet current needs.

In McAndrews v. Collerd, 42 N. J. Law, 189, 36 Am. Rep. 508, it was held that the keeping of explosives in large quantities in the vicinity of a dwelling house is a nuisance per se, and may be abated by action at law or injunction in equity, and that, if actual injury results therefrom, the person keeping them is liable therefor, even though the act is not chargeable to his personal negligence. In view of the very large quantity of explosives kept by the plaintiff in error in its

magazines, the present case comes within the operation of this rule, and is to be distinguished from the line of cases in which it has been held that damages resulting merely from concussion, following the explosion of dynamite or powder used in a lawful business and with care and skill, are damnum absque injuria.

The petition for a rehearing will be denied.