## Cumberland Torpedo Company v. Gaines, et al.

(Decided November 20, 1923.)

### Appeal from Lawrence Circuit Court.

1. Nuisance—Storage of Explosives near Residence Nuisance per se.—The storage of an explosive in such close proximity to one's residence as to constitute a constant menace to the property and its occupants is a nuisance per se.

2. Nuisance—Action for Damages Proper Remedy.—One whose property has been injured by the presence of a nuisance may maintain the common-law remedy of an action for damages. .

3. Nuisance—Damages Recoverable for Depreciation of Property by Storage of Explosives.—Where explosives are stored in close proximity to plaintiff's residence, depreciation in the value of the residence, due to the unwillingness of any one to occupy it because of physical discomfort growing out of the well-grounded fear that an explosion may occur, can be recovered, but damages are not allowed for mere fear.

4. Nuisance—Complaint should Allege Danger from Storage of Explosives.—The complaint, in an action for damages for the storage of explosives in close proximity to plaintiff's residence, should allege that the explosives were so close to plaintiff's residence as to endanger the property and the lives of its occupants.

5. Nuisance—Diminution in Rental Value Measure of Damages for "Temporary Nuisance."—The measure of damages for a "temporary nuisance," that is, one that may be readily abated at a small expense, is the diminution in the rental value of the property, if rented or held for renting, and the diminution in the value

of the use of the property, if occupied by owner, during the continuance of the nuisance.

6. Nuisance—Diminution in Market Value Measure of Damages for "Permanent Nuisance."—Where the nuisance is "permanent," that is, one that cannot be readily abated at small expense, the measure of damages is the diminution in the market value of the property.

7. Nuisance—Whether Temporary or Permanent Nuisance Question for Court, but for Jury if Evidence Conflicting.—Where there is no conflict in the evidence, the court should decide whether a nuisance is temporary or permanent and give only the measure of damages applicable; but, where the evidence is conflicting, that question should be submitted to the jury.

W. D. O'NEAL for appellant.

FRED M. VINSON and CLYDE L. MILLER for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Martha Ann Gaines and her son, John Milton Gaines, were the owners of a small farm situated in Lawrence county about three miles north of the town of Louisa. On an adjoining farm, and at a point a few hundred feet from the Gaines residence, the Cumberland Torpedo Company erected a plant for the manufacture and storage of nitroglycerine.

Alleging that by reason of the erection of the plant for the manufacture and storage of nitroglycerine in close proximity to their home and farm the house had been rendered unfit for use and occupancy and the farm unfit for agricultural purposes, and that they had been compelled to remain away from the farm themselves and had been unable to secure a tenant for the place, the Gaineses brought this suit to recover damages in the sum of $2,000.00. After its demurrer to the petition was overruled, the Cumberland Torpedo Company filed an answer denying the allegations of the petition and pleading in substance that it was necessary to use nitroglycerine in the shooting of oil wells, and that the plant was equipped to the highest point of perfection and safety. However, this allegation was stricken from the answer on plaintiff's motion. On the trial there was evidence to the effect that no one was willing to occupy plaintiffs' farm after the plant was erected, and that the market value of the farm was depreciated by the presence of the plant. A jury found for plaintiffs in the sum of $700.00 and the defendant appeals.

Appellant insists that no cause of action was either alleged or proved, and that both its demurrer to the petition and its motion for a directed verdict should have been sustained. The basis of this contention is that there was neither allegation nor proof of an explosion or other direct injury to the premises, but that the only injury shown was due to the apprehension that an explosion might occur. In the early case of Dumesnil v. Dupont, 18 B. Mon. 800, 68 Am. Dec. 750, it was held that a powder magazine, well constructed, carefully guarded and prudently managed, though located within a half mile of a large city and within 300 yards of plaintiff's residence, was not a nuisance *per se* which a court of equity would enjoin. While the decision may have been correct on the facts, the court did not base its conclusion on the facts there presented, but proceeded on the theory that, regardless of its location, there was very slight danger of an explosion of a well constructed powder house carefully guarded and prudently managed, and its reasoning supports the view that the maintenance of a magazine of explosives, if conducted without negligence on the part of its owner, will not under any circumstances be held a nuisance *per se*. Because of the erroneous reasoning on which it is based, that case has never been followed in this state and has been severely criticized by other courts. According to the great weight of authority, the storage of an explosive in such close proximity to one's residence as to constitute a constant menace to the property and its occupants is a nuisance *per se*. Kerbaugh v. Caldwell, 151 Fed. 194, 80 C. C. A. 470; Tyner v. People's Gas Co., 131 Ind. 408, 31 N. E. 61; Flynn v. Butler, 189 Mass. 377, 75 N. E. 730; McAndrews v. Collerd, 42 N. J. L. 189, 36 Am. Rep. 508; Wilson v. Phoenix Powder Mfg. Co., 40 W. Va. 413, 21 S. E. 1035, 52 A. S. R. 890. Usually the question has arisen in suits for injunctive relief or for damages growing out of an actual explosion, but in Emory v. Hazard Powder Co., 22 S. C. 476, 53 Am. Rep. 730, and in Comminge v. Stevenson, 76 Tex. 642, 13 S. W. 556, not only was the further maintenance of a powder magazine enjoined, but damages were allowed for past maintenance, and there is no reason, of course, why one whose property has been injured by the presence of a nuisance may not pursue the common law remedy of an action for damages. In such a case damages are not allowed for mere fear, but for the depreciation in the value of the property due to the unwillingness of anyone to oc-

cupy it because of the physical discomfort growing out of the well grounded fear that an explosion may occur.

While we are not inclined to reverse the judgment because of the insufficiency of the allegations of the petition, we conclude that in view of another trial plaintiffs should allege facts showing that the plant in question was so near to plaintiff's residence as to endanger the property and the lives of its occupants.

Defendant offered instructions covering both permanent and temporary damages, and asked the court to require the jury to state in its verdict whether its finding was for permanent or temporary injury. Notwithstanding this fact, the court did not require the jury to determine whether the injury was permanent or temporary, or to state the character of its finding, but gave a general instruction authorizing a finding of damages for the diminution in the value of the use of the farm, and also for diminution in its market value, but added that if any damages were allowed for diminution in its market value, nothing should be allowed for loss of use. Under this instruction the jury could have found permanent damages for a temporary injury, or temporary damages for a permanent injury. It is the settled rule in this state that the measure of damages for a temporary nuisance, that is, one that may be readily abated at a small expense, is the diminution in the rental value of the property, if rented or held for renting, during the continuance of the nuisance, but if occupied by the owner, it is the diminution in the value of the use of the property during the same period of time. On the other hand, if the nuisance be permanent, that is, one that cannot be readily abated at a small expense, the measure of damages is the diminution in the market value of the property. Where there is no conflict in the evidence, the court should decide whether the nuisance is temporary or permanent and give only the measure of damages applicable to the state of case so found, but if the evidence is conflicting, the question should be submitted to the jury with appropriate instructions giving the measure of damages applicable to both kinds of a nuisance, and requiring the jury to state the character of its finding. As the court's instructions did not comply with these requirements, it follows that they were erroneous.

Judgment reversed and cause remanded for a new trial consistent with this opinion.