### ADAMS v. GORRELL

Ohio Appeals, 3rd Dist., Hancock Co.

No. 232. Decided August 26, 1927.

First Publication of this Opinion.

570a. GASOLINE STATIONS.—855. Nuisance.—Storing of gasoline in tanks or stations and vending it, either at retail or wholesale, lawful and respectable business. Filling station, properly installed and properly operated, not a nuisance per se.

639. INJUNCTION.—Court, either of law or equity, will not give cognizance to apprehended fears of mankind in reference to what may arise out of conduct of purely lawful enterprise.

874. ORDINANCES.—Ordinance which attempts to delegate legislative power is invalid.

Appeal from Common Pleas.
Injunction dissolved.

George H. Phelps, Findlay, for Adams.

John E. Betts, Findlay, for Gorrell.

JUSTICE, J.

This is a suit in injunction and comes to us on appeal from the court of common pleas of this county and is submitted on an agreed statement of facts.

The defendant, in the court below, was permanently enjoined from using a certain tank "for the storage of gasoline in quantities in excess of two thousand gallons without the written consent of plaintiff and other property owners whose property line is nearer to said tank than 150 feet."

From the agreed statement of facts, we glean that the plaintiff is the owner of a house and lot in the city of Findlay, Ohio; that contiguous to said property is a piece of land, owned by a railroad company, upon which it operates locomotives and cars; that on this piece of land, within a distance of not more than 40 feet from the plaintiff's lot line and within a distance of not more than 80 feet from his house, defendant proposes to build, and has actually begun the construction of a certain open-air bulk gasoline tank or station; that said tank, at its top, will be about 15 feet above the surface of the ground, will be placed on iron frames, which will rest on concrete abutments, and will have a capacity of approximately 15,000 gallons, and that said tank will be located, constructed and disked in conformity with the rules premulgated by the state fire marshal.

The defendant will store in said tank approximately 15,000 gallons of gasoline and will vend same at wholesale.

After defendant had begun the construction of said tank and after he had expended several thousand dollars on the same, the council of the City of Findlay passed an emergency ordinance, which makes it unlawful for any person to store or keep in storage or permit to be stored or kept, within the corporate limits of the municipality, in any open-air elevated tanks, barrels or other receptacles, gasoline in quantities of 2,000 gallons or more, within 150 feet of any property line without first obtaining a written consent of the owner of said property, and that the penalty for the violation of said ordinance is a fine of not more than $500.

The plaintiff has not consented in writing or otherwise, to defendant's storing gasoline in said tank, he and his family reside in said house and that he fears that the said tank, when filled or partly filled with gasoline, will endanger his family, will increase the rate of insurance on his house and will render his life unsafe and uncomfortable.

The question are:

1. Whether, under the situation, the gasoline tank or station will be a nuisance, either at law or in fact.

2. Whether the city ordinance is valid.

Will defendant, by erecting, maintaining and operating this gas station, create, as to plaintiff and others similarly situated, a nuisance per se? We do not think so.

The storing of gasoline in tanks or stations and vending it either at retail or wholesale, is a lawful and respectable business. A filling station, properly installed and properly operated, is not a nuisance per se. 104 OS. 519. 113 OS. 245.

There is no proof that plaintiff will be hurt, inconvenienced, annoyed or damaged by reason of the maintenance and operation of said tank. There is, however, proof of a fear on his part, that said tank when filled or partly filled will endanger his family, increase the fire insurance rate on his house and render his life unsafe and uncomfortable. Courts, either of law or of equity, however, will not give cognizance to the apprehended fears of mankind in reference to what may arise out of the conduct of a purely lawful enterprise. 15 O.C.C. 228. 6 Ohio App. 209.

We therefore hold that, under the present situation, said gasoline tank, as to plaintiff and others similarly situated, is neither a nuisance per se nor in fact.

In respect to the validity of the city ordinance, we are bound by a comparatively recent pronouncement of our Supreme Court in the case of Cincinnati v. Cook, 107 OS. 223. This case holds that an ordinance "is invalid because of its attempted delegation of legislative power, and for the reason that it is violative of the equal protection of the law guaranties of the state and federal constitution."

The similarity of the city ordinance in question, and the one passed upon by the Supreme Court is patent. Both attempt to delegate legislative power. Obviously, since the Cincinnati ordinance is invalid, the one at bar is likewise invalid.

Entertaining these views, it follows that the injunction granted in the court below should be dissolved and petition and supplemental petition be dismissed.

Judgment and decree accordingly.

Before Judges Crow, Hughes and Justice.