## Banks v. Horn & Hardart Baking Company

*F. G. Banks* and *D. F. Kaliner*, for plaintiff.
*Wolf, Block, Schorr & Solis-Cohen*, for defendants.

SMITH, P. J., June 7, 1948.—The bill in equity avers that plaintiff is the lessee in possession of premises 4674 Frankford Avenue, Philadelphia, in which he has made his home and conducted his business for the past 37 years; that defendant, Horn and Hardart Baking Company, is seized of and is in possession of premises 4672 Frankford Avenue aforesaid, where it has main-

tained and conducted a restaurant business for the past 15 years; that defendant in its property maintains and operates an air-conditioned equipment abutted to the said party wall between the two said premises; that the said air-conditioning unit is improperly installed and constructed and is provided with inadequate intakes, causing or permitting a strong suction so that air passes through the said party wall from defendant's building into that occupied by plaintiff that as a result thereof, the inside portion of the south wall of the property occupied by plaintiff has become defaced and covered with multitudinous tiny cracks and the wall paper filled with myriad line designs of an objectionable and undecorative nature; that if defendant continues to use said air-conditioning equipment and plaintiff is to have and enjoy the use of the said south wall of his premises in a normal and proper condition, that it will be necessary to have the said party wall "fired", that is to have another wall to be constructed inside plaintiff's property in each room affected against the south wall, leaving an air space or chamber, at an estimated expense of $1,500; that the cost of redecorating the new walls will be as an estimated expense of $500; that plaintiff cannot repaper said rooms, because the same condition as now exists would again occur on any new paper. The prayer of the bill is that defendant may be restrained preliminarily to hearing, and finally thereafter, from using and maintaining said air-conditioning equipment in its present condition; that defendant may be ordered and directed to correct the conditions under which said air-conditioning equipment may be operated, to eliminate damage and injury to plaintiff and to allow him the lawful use of his premises; that defendant be directed and required to pay damages to plaintiff, in such sum as the court may direct, and for further relief, etc.

The answer of defendant admits the maintenance and use of an air-conditioning unit or equipment in

its premises near the said party wall, but denies that it abuts the said party wall, but on the contrary is separated from said party wall; that it is not improperly installed or constructed; that it was supplied to defendant by York Corporation, an independent contractor, engaged in the manufacture and installation of air-conditioning equipment; that said equipment was properly installed in accordance with approved principles and techniques and is provided with fully adequate intakes; it is denied that the said equipment causes a strong suction or causes any suction which is unusual for air-conditioning equipment; it is not denied that air passes through said party wall, but it is averred that said passage of air, which is a well recognized scientific phenomenon known as wall breathing is normal and inevitable in any wall constructed of building materials customarily used; it is denied that there is any necessary relation between the passage of air through the said party wall and the operation of defendant's air-conditioning unit; it is denied that any defacement on the wall of plaintiff's premises is due to the operation of defendant's air-conditioning equipment, but is due to factors beyond the control of defendant; the answer further denies any liability for any damage to plaintiff or that any damage plaintiff suffers results from any act or conduct of defendant.

*Findings of fact*

1. Benjamin N. Banks is the lessee and occupant of premises 4674 Frankford Avenue, Philadelphia, where he maintains a store and his dwelling.

2. The Horn and Hardart Baking Company is the owner and occupant of premises 4672 Frankford Avenue, adjacent to and south of plaintiff's property, where it operates and maintains a restaurant.

3. The said parcels of real estate are separated by a 13-inch brick party wall.

4. In the property of the Horn and Hardart Baking Company and on its second floor, near the front of the building and close to its north party wall, is installed an air-conditioning equipment of the York Corporation.

5. As a result of the installation of the said air-conditioning equipment on the property of the Horn and Hardart Baking Company, the density of the water vapor in the air in its property, and the temperature thereof, is less in degree than the density of the water vapor and temperature of the air in the property of plaintiff.

6. By reason of the difference in the density of the water vapor in the air in these two properties, and the difference in temperature, the water vapor in the air of plaintiff's property is sucked or pulled through the party wall between the two said premises, going from plaintiff's property into that of defendant.

7. By reason of the passage of the water vapor in the air from the property of plaintiff into the property of defendant, any dust held in suspension in the air in the rooms of the property of plaintiff is caused to come against the south party wall of plaintiff's property around and about where defendant's air-conditioning equipment is installed, causing numerous disfiguring marks on the wallpaper of said rooms of plaintiff at places where there exists hairlined cracks in the plaster, on the said south wall of plaintiff's property.

8. This discolored and disfiguring condition exists on plaintiff's south wall in the three front rooms, on the second floor and the lower portion of the two front rooms on the third floor.

9. The operation of the said air-conditioning equipment on defendant's premises and the present and continuous discoloration and disfigurement of plaintiff's walls as a result thereof, constitutes a nuisance against plaintiff.

10. The disfiguring marks on the said south wall of plaintiff's premises can be corrected and abated by:

(a) Some change in the air-conditioning equipment on the property of defendant to correct and prevent the pull of the water vapor or air through the said party wall;

(b) or by an installation of a proper sealing insulation in or on the said party wall which will prevent the passage of air or water vapor through the said party wall.

## Discussion

The problem which confronts us is a novel one and we find no case in this or any other jurisdiction where the facts resemble the facts here involved. Defendant has installed on the second floor of its restaurant an air-conditioning unit. This equipment was sold and installed by a well-known corporation engaged in the manufacture and installation of such equipment. There is no evidence before us that shows any negligent construction or installation. Neither is there any evidence which shows any negligent operation of the unit by defendant. Thus while plaintiff in his bill avers that the air-conditioning equipment is improperly installed and constructed, there is no satisfactory evidence to support such averment. The problem therefore turns upon the question of whether defendant, having properly installed on his premises a proper device to condition air, can be enjoined because in the operation of such device, damage is caused to his adjoining neighbor. In other words, is it a nuisance if the property adjoining as the result of its operation, suffers damage and the resident thereof is deprived of his right to the comfortable use and enjoyment of his premises?

This is not the case where a person suffers annoyance, injury or damage as the result of loud noises, dust, noxious odors, gases, smells, or other disturbing factors emanating from the property of a defendant. Here a plaintiff has suffered annoyance, damage and

has been deprived of the enjoyment of his premises by what is not an unlawful use of the property adjoining. In Tuckachinsky v. Lehigh and Wilkes-Barre Coal Company, 199 Pa. 515, 518, it was held:

"A nuisance has been defined as 'that which annoys and disturbs one in the possession of his property, rendering its ordinary use or occupation physically uncomfortable to him'."

See also Stokes v. Pa. R. R. Co., 214 Pa. 415, 420 where it was said:

"Anything which causes hurt, or damage to the lands or tenements of another, or interferes with the reasonable enjoyment of the same, is a nuisance."

In Gavigan v. Atlantic Refining Co., 186 Pa. 604, 612, defendant was engaged in a lawful business which it managed in a lawful way. The court held:

"To establish that fact it was not necessary he should prove the business of defendant was carried on recklessly, or was not properly managed. It was sufficient to show that defendant selfishly carried on a lawful business in a populous neighborhood greatly to plaintiff's injury. It comes under that line of cases commencing with Pottstown Gas Co. v. Murphy, 39 Pa. 257, where it was held that the question was not one of negligence or no negligence, but of nuisance or no nuisance. The whole subject is so thoroughly discussed in the master's report, affirmed by this Court in Evans v. Fertilizing Co., 160 Pa. 209, that it would be a mere waste of time to review the cases."

If the action is for damages occasioned by the maintenance of a nuisance the question of negligence is not involved: Pottstown Gas Co., v. Murphy, 39 Pa. 257. A nuisance may exist with or without negligence and as a general rule negligence is not involved in nuisance actions or proceedings and is not essential to the cause of action: Stokes v. Pa. R. R. Co., supra; Vautier v. Atlantic Refining Co., 231 Pa. 8, 14.

To warrant an injunction against the continuance of a lawful business on the ground that it is a nuisance, it must be shown that the annoyance or injury alleged to result to plaintiff therefrom is caused by the acts of defendant and does not flow from other sources over which he has no control: Warren v. Hunter, 1 Phila. 414. But in the instant case, there is evidence to show that the lower density of the air and the difference in the temperature in defendant's property as the result of the operation of its air-conditioning equipment causes the air in plaintiff's property to be pulled through that part of the party wall about or adjacent to the location of the air-conditioning equipment. At no other wall or place on the wall of plaintiff's property does the wallpaper bear such disfiguring marks and serious discolorations. While defendant has a right to the enjoyment of its own property, so has plaintiff to his, for whom the law says to the former "sic utere tuo, ut alienum non laedas": Sullivan v. Jones & Laughlin Steel Co., 208 Pa. 540, 550. It must be conceded that defendant is justified in erecting and maintaining an air-conditioning unit in its restaurant for the benefit of its customers, but where in its operation it seriously interferes with the peaceful enjoyment and the comfortable use of plaintiff's property and to his continual damage, equity should afford a remedy against this nuisance. Just as a court of equity will cause a defendant to soundproof its party wall where a musical studio is adjacent to a private residence, so here there should be placed on this party wall some sealing application which will prevent the passage of air or water vapor in the air through this party wall at that location where the wallpaper is disfigured and discolored and is being more disfigured and discolored as this condition continues. This condition cannot be compensated or measured by ordinary standards. It is

immediate and continuing and can only be repaired by some sealing device or appliance on or in the wall.

The injury to plaintiff's property being the result of defendant's operation of its air-conditioning unit and the damage to plaintiff's property and its peaceful enjoyment being serious, immediate and continuing, equity will interfere by injunction if necessary, to restrain the injurious act. We believe that it is necessary to enjoin defendant temporarily forthwith from the use of this mechanical device, which is not unlawful per se, so that defendant may promptly proceed to correct this continuing injury by properly sealing the party wall either on its side of the said wall or the wall on plaintiff's premises.

### Conclusions of law

1. The air-conditioning unit on defendant's premises as operated by defendant, causing discolorations and disfigurements on the walls of plaintiff's property being present and continual, constitutes a nuisance against plaintiff.

### Disposition of requests for findings of fact and conclusions of law

As to defendant's request for findings of fact, the court makes the following disposition: Nos. 1 to 7, inclusive, and no. 14 are affirmed; nos. 8 to 13, inclusive, are refused. As to defendant's request for conclusions of law, nos. 1 to 3, inclusive, are refused.

As to plaintiff's request for findings of fact, the court makes the following disposition: Nos. 1 to 4, inclusive, affirmed; nos. 6 to 9, inclusive, affirmed; no. 11 affirmed; nos. 5 and 10 refused. As to plaintiff's request for conclusions of law, nos. 1, 2, 4 and 5 affirmed, no. 3 refused.

### Decree nisi

And now, to wit, June 7, 1948, defendant is enjoined from so operating the air-conditioning equipment on

its premises until it has properly installed on either side of the party wall between said premises 4672 and 4674 Frankford Avenue, in the City of Philadelphia, at its cost and expense, a proper sealing covering which will prevent the water vapor in the air of plaintiff's premises from being sucked or pulled through the party wall into the premises of defendant. It is further ordered and decreed that defendant will compensate plaintiff in such sum as it is necessary to properly re-paper the rooms of plaintiff's property now damaged by the action of the air-conditioning equipment. If defendant fails to file exceptions to these findings and decree nisi within a period of 30 days from the date of this decree nisi, the prothonotary shall enter this decree nisi as a final decree.