CARL C. HAYS AND FLORENCE C. HAYS *v.* HARTFIELD L-P GAS, OSCAR HARTFIELD, JR. AND UNA HARTFIELD.

[No. 1-473A62. Filed January 31, 1974.]

*David W. Crumbo, Naville, Crumbo & Leist,* of New Albany, for appellants.

*John A. Cody, Jr.,* of New Albany, for appellees.

ROBERTSON, P.J.—The plaintiff-appellant (Hays) and his wife sought injunctive relief and damages against the defendant-appellee (Hartfield) and his wife for the latter's planned operation of a liquid propane bulk plant situated near Hays' property. The trial court denied both the injunction and damages. On appeal, Hays alleges as error that the judgment of the trial court is not supported by sufficient evidence, and that it is contrary to law.

The facts show that both Hays and Hartfield own land abutting Schueler Road in rural Floyd County, Hays with 260 acres south of the road and Hartfield 15 acres to the north and directly across the above mentioned gravel road from Hays' property. On October 2, 1971, Hartfield began serious work on the construction of an aboveground, cigar-shaped, 30,000 gallon liquid propane gas bulk tank on a part of his land fronting Schueler Road. Upon completion, the tank was approximately 300 feet to the west of Hays' home. Hays initiated this action on October 8, 1971.

Hartfield's residence was located on the 15 acre tract and was about 300 to 400 feet from the bulk tank. When asked why he did not locate the tank closer to his residence, which fronted State Highway 150, Hartfield stated that he had been advised by an Indiana State trooper that it would be unsafe for traffic safety reasons. There being a hill on route 150 near Hartfield's home, a large truck entering or leaving the driveway at the bulk tank site would be a hazard to traffic.

Prior to October, 1971, Hartfield had taken steps preliminary to the construction of the bulk tank. After learning that his property was not within the limits of the town of

Greenville, he applied to the county plan commission for permission to build the tank in a residential-agricultural area. Permission was denied, but on appeal the board of zoning appeals reversed that decision. The appeals board placed conditions on its approval—the tank would have to be set back a certain distance from the road and trees would have to be planted to provide a screen between the tank and the road. Hartfield did not comply with these requirements, however, because his property was subsequently annexed by the town of Greenville which had no zoning ordinances.

In addition, Hartfield submitted his plans to the State Fire Marshal for approval, which he received. Prior to filling the tank with liquid propane it would be necessary for the Fire Marshal to inspect and approve the completed tank. As of the time of trial Hartfield had not requested approval nor filled his tank.

Hays' assertion that the judgment of the trial court is not supported by sufficient evidence does not present a reviewable issue. If the party with the burden of proof suffers a negative judgment he is precluded from attacking the judgment on insufficiency of the evidence. *State Farm Life Insurance Co.* v. *Spidel* (1964), 246 Ind. 458, 202 N.E.2d 886; *Senst* v. *Bradley* (1971), 150 Ind. App. 113, 275 N.E.2d 573.

We shall review Hays' alternative ground that the decision is contrary to law. In doing so we are bound by the well established standard, applicable to proceedings in equity as well as at law, that only when the evidence is without conflict and leads to one conclusion and the trial court reached a contrary conclusion will the decision be set aside as being contrary to law. *Edwards* v. *Wyllie* (1964), 246 Ind. 261, 203 N.E.2d 200; *Senst* v. *Bradley*, *supra; Jones* v. *Geiger* (1960), 130 Ind. App. 526, 166 N.E.2d 868. It is our conclusion that the trial court's judgment must be affirmed.

The central issue, as framed by Hays, is whether under all the facts and circumstances, Hartfield's use of his real estate constitutes a nuisance. The Indiana legislature has defined a nuisance as follows:

"Whatever is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere with the comfortable enjoyment of life or property, is a nuisance, and the subject of an action." IC 1971 34-1-52-1, Ind. Ann. Stat. § 2-505 (Burns Code ed. 1973.)

Part of the injury apprehended by Hays to the enjoyment of his property was the annoyance expected from noise, dust, lighting, and odors resulting from the operation of Hartfield's business 300 feet from Hays' house. In *Windfall Manufacturing Co.* v. *Patterson* (1897), 148 Ind. 414, 47 N.E. 2, the plaintiff sought to enjoin the anticipated drilling of a gas well within 152 feet of his house. The Court held that a business not a nuisance per se could not be enjoined when the anticipated injuries were not imminent or certain to occur, rather were supposed and contingent. In the instant case, Hays has conceded that the operation of a gas bulk tank business is not a nuisance per se, but he has failed to show that the expected evils were imminent. Hartfield's testimony indicated that the increase in traffic along Schueler road would be minimal. He did not intend to service retail customers at the plant site. Rather, during the busy winter season a supply truck would visit the tank three or four times per week and Hartfield's delivery truck would make the same number of visits on a daily basis in order to take the gas from the bulk tank to the customer. Concerning noxious odors, Hartfield stated that such would be possible in the event the 30,000 gallon tank should run empty; however, Hartfield added that a tank that large would not likely run empty because of its size and because he intended to keep it full. As for lighting the premises around the bulk tank, Hartfield merely stated that lighting would be necessary in

the event his business would be so successful as to require night time operations.

It appears that the apprehended annoyance from dust, noise, odors, and lighting were of minor significance compared to the fear with which Mr. and Mrs. Hays claimed they would live should the gas bulk tank continue to exist in such close proximity to their dwelling house. They each felt there was a hazard of explosion and said they had heard of similar tanks exploding in the past. We are of the opinion that this fear of explosion was not sufficient to constitute the bulk tank a nuisance. While this fear may be very real to the Hays' family, there is nothing in the record to indicate that their fear was reasonably justified.

A landowner may generally use his land for any purpose he chooses provided he does not unduly interfere with the use and enjoyment of the property of another. *Cox* v. *Schlachter* (1970), 147 Ind. App. 530, 262 N.E.2d 550. A condition created by one landowner that causes another reasonably to be in constant fear for the safety of his life or property is such a serious interference so as to constitute a nuisance. *Tyner* v. *People's Gas Co.* (1892), 131 Ind. 408, 31 N.E. 61. Factors to be considered in deciding whether the storage of liquid propane fuel constitutes a nuisance include location, quantity of fuel stored, methods of operation, and other surrounding circumstances. *See Windfall Manufacturing Co.* v. *Patterson, supra; Hilliard* v. *Shuff* (1971), 260 La. 384, 256 So.2d. 127.

In the instant case Hays is unsuccessful largely for reasons of failure of proof. There is nothing in the record to show that the storage of 30,000 gallons of liquid propane gas within 300 feet of a dwelling house presented a hazard to the resident of that house. It is true that we can take judicial notice of the volatile nature of such a fuel, but more is needed. The only evidence concerning the tank's hazardous nature was the testimony of Mr. and Mrs. Hays that they both had heard

of explosions of this type of fuel tank in the past. There was no evidence that the tank itself was not designed or constructed for the safe storage of such fuel. *See Hilliard* v. *Shuff, supra; Erie* v. *Gulf Oil Corp.* (1959), 395 Pa. 383, 150 A.2d 351. It was not shown that caution and care could not be or were not taken against the hazard of explosion. *See Galouye* v. *A. R. Blossman, Inc.* (1947), La. App., 32 So.2d 90.

Other jurisdictions have also held that mere fear or apprehension of danger caused by the presence of fuel storage tanks, without more, is not a sufficient basis to establish a nuisance. *See Spickardsville* v. *Terry* (1954), Mo. App., 274 S.W.2d 21; *Phillips* v. *Allingham* (1934), 38 N.M. 361, 33 P.2d 910; *Adams* v. *Gorrell* (1927), 28 Ohio App. 55, 161 N.E. 786; *Erie* v. *Gulf Oil Corp., supra.*

Hays, in the alternative, contends that it was erorr for the trial court to refuse to award damages. He relies on the uncontroverted evidence in the form of testimony given by a real estate appraiser that Hays' property, in light of its highest and best use being residential development, had depreciated by $13,900 as a result of the presence of the fuel tank, and the testimony of Hays that it had depreciated by $25,000.

The record does not contain any evidence in direct rebuttal to Hays' evidence concerning depreciated value. However, there is a contradiction which the trial court may well have considered in determining the credibility, sufficiency or weight to be given to Hays' evidence. It is the fact that Hays sold two lots next to his house to a married couple who proceeded to build a house on said lots after construction of the bulk tank had been commenced. The rule was well stated in *Nationwide Mutual Insurance Company* v. *Day* (1967), 140 Ind. App. 564, 224 N.E.2d 520.

"The rule is that the trier of the facts cannot arbitrarily reject items of evidence. However, the fact that a particular item of evidence is not expressly or directly con-

tradicted, does not prevent the trier from taking into consideration all of the other evidence, including circumstances and surroundings that might in any way affect the weight or credibility of such evidence, and the trier may disregard evidence if it is considered unreasonable or inconsistent with the facts and circumstances shown by the other evidence in the cause." 224 N.E.2d at 523.

The decision of the trial court was therefore not contrary to law and must be affirmed.

By way of caveat, we should mention that if the maintenance or operation of this fuel tank should prove to be an actual nuisance at a later date, our ruling today does not foreclose the apporpriate legal relief at that time.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 306 N.E.2d 373.